DAVID EARL GRAY, 2715303 - *In Pro Per*

Sacramento

651 I Street

Sacramento, CA 95814

Attorney for the Defendant: **DAVID EARL GRAY**

FILED

FEB 2 0 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID EARL GRAY; | CASE NO. |
| Plaintiff(s), | VIOLATION OF CIVIL AND |
| vs | CONSTITUTIONAL RIGHTS |
| THE STATE OF CALIFORNIA | COMPLAINT FOR DAMAGES |
| SACRAMENTO COUNTY | AND JURY TRIAL |
| SUPERIOR COURT, | (42 U.SC §1983) |
| Police Dept. Cheif Albert Najera, | 2:07 - CV - 0 3 3 7 GEB GGH PC |
| Sheriff Dept. Capt. S. Jones, Sheriff John | |
| McGinness, | |
| Coroner's Office, Robert Lyons, | |
| Public Defenders Office, Ken Schollar, | |
| Countywide Conflict Criminal | |
| Defenders (COD), Fern Lathem, | |
| Theresa Huff and Donald Manning | |
| and all respective representatives | |
| of the listed agencies | |
| Robert Wilcox, Rodrigo Mayorga, | |
| Charles Schaffer, | |
| In their individual and/or | |
| official capacities | |
| Defendants, | |

**DAVID EARL GRAY, X2715383 - *IN PRO PER***
Sacramento County Jail
651 I Street, Sacramento, CA 95814

# COMMENTARY.

This civil law suit is filed due to the fact that there is no other form of relief to stop the intentional violation of a indigent proper inmate constitutional rights. The plaintiff has filed and argued motions in the superior court of Sacramento, proving that his sixth and fourteenth Amendment have been violated along with a host of constitutional rights. and each motion has been denied or placed under submission. The plaintiff has been denied the opportunity to put on a defense at every stage of these proceedings.

Under our adversary system of justice, how can our civilized nation pretend that there is a fair trial to an indigent pro-per plaintiff, for the prosecution doing all he can within the limits of decency, and the counsel for the defense being denied all the tools to prepare a defense

The State quite properly spend vast sums of money to establish evidence to try defendants accused of crimes. Attorneys to prosecute are everywhere

DAVID EARL GRAY, X2715383 - *IN PRO PER*
Sacramento County Jail
651 I Street, Sacramento, CA 95814

deemed essential to protect the public's interest in an orderly society. Similarly, there are few defendants charged with crime, few indeed, who fail to hire the best attorney they can get to prepare and present their defense. It is even worse for an accused to try to represent himself. The State hire Attorney's to prosecute and they have all the legal assistants and resources they need. In our society and government the State must also match the same funds that they use to prosecute, to defend an indigent inmate. He is entitled to all the tools necessary to put on and prepare a adequate defense. Once this is violated his due process is violated.

Today a pervasive system of constitutional restraints covers almost every aspect of state criminal law enforcement, from arrest through trial and sentence to appeal. The fact is under the fourteenth Amendment No state shall make or enforce any law which abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal

DAVID EARL GRAY, X2715363 - *IN PRO PER*
Sacramento County Jail
651 I Street, Sacramento, CA 95814

protection of the laws. Due to the fact that the
State is responcibly for the actions of its agents.
all parties may be sued.

The court has clearly stated that state denial
of any right deemed fundamental by society amounts
to a denial of due process and hence violates the
Fourteenth Amendment.

Just as the State brings fourth allegations
of a defendant violating society laws "criminal"
they bring him to court and he must stand trial
before a jury of his peers.

The same system of justice applies to those
who are in authority over poor indigent inmates.

A jury must have a chance to determine
the facts and see if the plaintiff have
presented enough evidence to be awarded relief.

The fact is, the documents presented in this
motion speaks for its self. The defendants
themselves admits to violations of plaintiffs
constitutional rights, but they simply say this
is the way its always have been done. Well
enough is enough and this plaintiff is asking
this court to allow a jury of his peers

to hear this motion. We cannot continue to
sit around and let those who our suppose
to protect the weak and poor of our great
Nation to use their power and authority to
run our system a muck.

The plaintiff has shown in all court
proceeding that his constitutional rights have
been denied. It is not up to the court
at this point to verify the damage but to
see the propunderence of evidence that plaintiff
has shown.

The fact that the plaintiff is
in pro-per and has none of the following:

1. Investigator

2. Legal Adviser

3. Legal Assistant trained in Law

4. Experts willing to communicate directly with
him

5. That all governmental employees agents that
collected evidence have refused to be interviewed.

6. That court orders have been ignored

7. That plaintiff has been physically and
mentally abused in S.C.M.J.

8. The the brutal attack on his life has not
even been investigated by those who swore to
protect and serve the community. All these
issues and more must be answered to prior to trial.

DAVID EARL GRAY, X2715383 - *IN PRO PER*
Sacramento County Jail
651 I Street, Sacramento, CA 95814

The court has the authority under
42 USC section 1983 to grant a civil trial
for the violation of a civil or constitutional right
of a pretrial detainee.

Inmate's procedural due process rights are
enforceable under §1983. They have a fundamental right
to adequate, effective, and meaningful access to court to
challenge violations of their constitutional rights.

They have constitutional right to petition government
for redress of their grievances, denial of motions, denial
of substantial rights, which includes right of access to courts
and also extends to administrative arms and units of government.

Examples of grounds that have been found legally
sufficient to support the courts exercise of its discretion
to grant a civil trial under 42 USC sec. 1983 are:

1. Violations of defendants constitutional rights
2. State takes actions that prevents the defendant
   from presenting an adequate defense
3. Governmental officials violate the defendants civil
or constitutional rights in their legal capacity under duress
of color of authority, physically and/or mentally abuse defendant.

**DAVID EARL GRAY, X2715303 - *IN PRO PER***
Sacramento County Jail
651 I Street, Sacramento, CA 95814

## JURISDICTION

This is a civil and constitutional rights complaint, by an pro-per defendant brought under 42 U.S.C. Section 1983. A pretrial detainee's civil and constitutional rights are distinct from a prisoner's right because he has not been found guilty of a crime. People lawfully in custody still have constitutional rights which they can seek to vindicate by suits under §1983 for damages or injunctive relief. A pro-per defendant representing hisself is guranteed certain constitutional rights and once those rights have been violated to the point that he feels he is being deprived a fair trial he can sue for relief. Governmental officials are subject to §1983 liability when sued in their official capacity. Likewise A municipality is subject to liability for damages under §1983 for the unconstitutional acts of its employees. This court has the proper jurisdiction to enforce thiis matter pursuant to 28 U.S.C. sec. 1331 and 1343.

## STATEMENT OF FACTS

The plaintiff is incarcerated at Sacramento County Main Jail representing his-self in proper status in a criminal matter. The actions of the listed defendants

**_____, _____ - IN PRO PER**

**_____ County Jail**

**_____, CA. _____**

have prevented the plaintiff from preparing and presenting a meaningful defense and deprived him of effective assistance of counsel contrary to the provision of the 6th and 14th Amendment of the U.S.A constitution. That Sacramento County Police Department has violated the plaintiff civil rights by refusing to grant him equal protection from harm. The defendant was attacked on several occassion and reported these attacks to the S.P.D the S.P.D refused and/or fail to protect and/or investigate and/or arrest any person connected with these attacks.

That the Sacramento Police Department has violated the plaintiff constitutional rights. The actions of the Sacramento County Police Dept. and their respective agents have prevented the defendant from preparing and presenting a meaningful defense and deprived him effective assistance of counsel contray to the provisions of the Sixth and Fourteenth Amendments to the United States Constitution and Article 1 § 15 of the California Constitution. They have failed and/or refused to grant the defense any type of interviews. They are the arresting agency but yet they refuse to allow the defense to interview any detective, sgt or officer that attended the crime sceen, that interviewed witnesses or that collected evidence. This is a major violation of defendants constitutional rights.

They have repeatedly denied to answer request to
be interviewed. It has been over a year and not
one Detective has come to even interview the
plaintiff about the brutal attack on his life on
10-25-05 in which he was in a Trauma Unit for 3 days.
   The actions of the Sacramento Sheriffs
Department have violated the defendants constitutional
rights.
   The court order that the pro-per plaintiff be
granted 5 call per day station to station in a
private setting; "non collect"
   5 calls per day, station to station in a private
setting to potential witnesses
   Defendant to have use of a confidential interview
booth for purpose of interviewing potential witnesses
   Defendant to have access and use of a electronic
recording device during interviews
   This was ordered on 7-25-06 and the
Sacramento County Sheriffs department refused to
comply with this order.
   They have refused to allow potential witnesses
to even come up and be interviewed in private
   They have forced all potential witnesses to set
up an account with a telecommunication services
just in order to be a witness.
   They have intimidated witnesses with these simply
techniques by forcing them to wait 2 to 10 hours

in line before they can visit or be interview.
They have violated the Attorney's client privilege
by intercepting confidential mail and communications
to the plaintiff, witnesses and experts.
The have violated the plaintiff civil rights by
placing me in chains, in the hole for a minor
violation of complaining about the jail rules.
Two officers have used color of authority
to violate the plaintiff civil rights.
The plaintiff was physically assaulted in front
of a Sgt on the month of Dec 05, and nothing
one done about this matter.
The plaintiff was verbally abused by another
officer in June 06 and was placed in the hole
once again.
. The plaintiff was refused physcological help
when requested in Dec 05 and June of 06
When a phycriatric came to visit she was
refused access to the plaintiff.
. The Sheriff department has not answered
any of these grievances that has been filed over
a year ago.
. The actions of the Sheriffs Department
agents and their policies have prevented the plaintiff
from preparing and presenting a meaningful defense
and deprived him of the effective assistance of
counsel contrary to the provisions of the Sixth

1
2    and Fourteenth Amendments to the United
3    States Constitution and Article I, § 15 of the
4    California Constitution along with the work
5    privilege doctrine.
6
7        The actions of the Sacramento Coroners
8    office have prevented the defendant from
9    preparing an adequate defense.
10       The Sacramento Coroner's office and their
11   agents have refused to be interviewed by the
12   plaintiff and/or his representative "investigator"
13       The plaintiff has sent certified mail to the
14   Sacramento Coroners office requesting an interview
15   and asking questions concerning their reports.
16       They have refused to be interviewed which is
17   against the law due to the fact they were
18   acting as governmental agents just doing their
19   job and they are not suppose to take sides. Plus
20   if they are stating a cause of death and not give
21   the defense a chance to even ask questions they are
22   depriving the defense of their due process.
23       The coroners office also destroyed evidence
24   without following the proper procedure denying
25   the defense a chance to have a second opinion
26   or second Autopsy done.
27       The actions of the Sacramento County Coroners
28   and/or its agents have prevented the defendant from

preparing and presenting a meaningful defense and
deprived the effective assistance of counsel contrary
to the provisions of the Sixth and Fourteenth
Amendments to the United States Constitution.
and Article I, § 15 of the California Constitution.

   The Sacramento County Public Defenders
Office and their agents have deprived the plaintiff
effective assistance of counsel.
   The plaintiff was represented by the public
defenders office a one Ken Scholler upon his arrest
for the current criminal matter.
   Mr. Scholler had a four minute conversation
with the defendant and then declared the plaintiff
incompetent to help with his defense.
   This was a violation of the law under PC 1368
a P.D. can not declare this because his client
wishes to fire him or have a diffrent view on
defenses.
   Mr. Scholler never stated why he was declaring
this the plaintiff has never had any type of mind
disorder or been hospitalized for mind disorder
   The public defender did not due no investigation
into the plaintiff defense, didn't contact any
witnesses on the defendants behalf, did not contact
any officers or coroners did not try to take
photos of plaintiff injuries.

by declaring the defendant incompetent
without any reason was a violation of defendants
civil rights and constitutional rights.
    The actions of the Public Defenders
office and/or their agent Ken Schollar have
prevented the plaintiff from preparing and presenting
a meaningful defense and deprived him effective
assistance of counsel contrary to the provisions of
the Sixth and Fourteenth Amendments to the
United States Constitution and Article 1, § 15 of the
California Constitution

    Countywide Conflict Criminal Defenders
policy and regulations is in contrast a violation of
the defendants constitutional rights.

Conflict Criminal defenders and their agents
Teressa Huff, Fern Lathem and Don Manning
have written in their policy to breah
    Attorney Client information
    Attorney - Expert information
They have become the Judge, prosecutor, investigator
and experts in a judicial matter.
Conflict Criminal defenders have intercepted
confidential Attorney - Client Communication.

Conflict Criminal defenders have intercepted

1

2  Attorney-Expert communications

3

4  Conflict Criminal defenders have refused to allow
5  plaintiff investigator to interview witnesses on
6  the plaintiff behalf.

7

8  On 1-10-07 in a hearing in-regards to Notice
9  of Motion for deposition of witnesses, Conflict
10 Criminal defenders stated that they have refused
11 to allow the plaintiff investigator to contact
12 any witnesses on plaintiff behalf, via mail,
13 phone or in person.

14

15 Conflict Criminal defenders have denied the
16 plaintiff a right to compulsory process

17

18 Conflict criminal defenders have failed and/or refused
19 to assign experts to the defense that have been
20 ordered by the courts.

21

22 Conflict Criminal defenders have tried to
23 circumvent the plaintiff right to represent
24 himself.

25

26 Conflict Criminal defenders have refused to pay
27 experts on behalf of the defense.

28

DAVID EARL GRAY, X2715303 - IN PRO PER

Conflict Criminal defenders have quit or walked
away from the plaintiff case on four diffrent
occassions

Conflict Criminal defenders have stated to the court
and the defendant that they are no longer working
on pro-per cases.

Conflict Criminal defenders have stated they will not
allow any experts they pay to have direct communication
with the plaintiff

Conflict Criminal defenders have admitted in open
court to violating the plaintiff constitutional
rights.

Conflict Criminal defenders have stated that the
defense does not have the right to interview
witnesses

Conflict Criminal defenders have stated that defense
experts must contact them and divulage all evidence
that they have found.

Conflict Criminal defenders our a Administrational
part of the Judicial branch and they have been
overstepping their boundries by adminstering judicial

matters to the court.

Conflict Criminal defenders have been arguing over issues that have denied the plaintiff right to a fair trial.

Conflict Criminal Defenders have denied the defendant his compulsory process for obtaining witnesses

Conflict Criminal Defenders have denied the defendant adequate Legal Assistants.

Conflict Criminal Defenders have stated that the plaintiff was not entitled to Legal Assistants.

Conflict Criminal Defenders have failed to Supervise Experts that have been assigned to the plaintiff defence in-regards to Rodrigo Mayorga, Robert Wilcox.

All Experts that come through Conflict Criminal defenders refused to write any reports or due any investigations claiming (CDC) did not authorize this.

1
2  CDC failed and/or refused to investigate
3  any potential conflicts with any Experts
4  they assigned to the defense.
5
6  The fact that CDC is a governmental
7  agency, and they are suppose to be paid
8  from public funds, and they have refused to
9  follow court orders, they have quit the
10 defense in open court, they have stated in open
11 court that they will no longer work on pro-per
12 cases, leaving the plaintiff without any type
13 of Legal Assistance, Expert witnesses,
14 Investigator or any resources to get these
15 services is a outrage and an insult to
16 the criminal justice system and the people
17 of the state of California, the fact that
18 a governmental agency who is suppose to be for
19 the people can come into a criminal court and
20 dictate what they will and will not pay for
21 an indigent inmate that has been ordered by
22 the court, the fact they can dictate to
23 the plaintiff what his investigator can or
24 can not investigate in regards to his defense,
25 the fact they can actual determine the outcome
26 to the proceeding of the trial without.
27 answering to anyone.
28

1

2  The fact that they can manipulate the

3  courts and circumvent the plaintiff right

4  to represent himself has denied the defendant

5  any possible chance of receiving a fair trail.

6        The action of Conflict Criminal

7  Defenders and their agents have prevented

8  the plaintiff from preparing and presenting

9  a meaningful defense and deprived him of the

10  effective assistance of counsel contrary to the

11  provisions of the Sixth and Fourteenth

12  Amendments to the United States Constitutions

13        Article I, § 15 of the California

14  Constitution, compulsory process of obtaining

15  witnesses, due process, work privilege doctorine

16  and a list of civil and equal protection rights.

17  .

18        RELIEF

19  .

20  The court must grant the following relief

21  1. Dismissal of all charges

22  2. Injunction

23  3. Award special, presumed, punitive, monitory damages

24  4. Stop all entities from violating plaintif constitutional rights.

25  5. Need to have this matter heard prior to

26  3-21-07 due to the fact this is my trial

27  date. and I have no other relief possible.

28  6. Any further relief appropriate and necessary.

DAVID EARL GRAY, 2715363 - *In Pro Per*
Sacramento County Jail
651 I Street
Sacramento, CA 95814

Attorney for the Defendant:    DAVID EARL GRAY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID EARL GRAY,                    ) CASE NO.
                                    )
            Plaintiff(s),           ) Declaration In Support
vs                                  ) CONSTITUTIONA AND
                                    ) CIVIL RIGHTS COMPLAINT
SACRAMENTO COUNTY                   ) FOR DAMAGES AND JURY
                                    ) TRIAL (42 USC § 1983)
            Defendant.              )

I, David Gray, declare the following:

I am the attorney representing myself in pro-per status in a criminal matter in the Sacramento County Superior Court.

That I have filed numerous motion's to the court complaining about the violations of my civil and constitutional rights.

That all these motion have been endorsed and is on file with the Sacramento Superior Court.

That I have had hearing's in-regards to the violations of my constitutional rights with

1

2    Sacramento County Sheriff's representative

3    Lt. Scott Jones, Conflict Criminal Defenders

4    representative Donald Manning.

5

6    That the Superior court has took and/or

7    refused to enforce there on orders for any

8    of the defendants listed to comply.

9

10    That I have been denied Transcripts of

11    the hearing proceedings by the Sacramento

12    Superior court to open their rulings.

13

14    That I have been mentally and physically

15    abused by all parties listed.

16

17    That upon the hearing of this motion I

18    will present documentation and verification of

19    the denial of my civil and constitutional

20    rights.

21

22    That as of 2-4-07, I am still without

23    any aid from the court, Conflict Criminal

24    defenders. I have no Legal Advisor, my

25    investigator is unable to provide any assistant,

26    that my right to represent myself has been

27    taken away and I have been left to sit

28    in my cell with no form of relief.

That I have not been allowed to communicate
with any Experts that were assigned and/or
authorize to help in my defense.

That all motions and request filed in
regards to the violation of my civil and
constitutional rights have been denied by the
Sacramento Superior Court with out just cause.

That even their action I am entitled to
bring a suit against them and allow a jury
to hear this prior to a criminal trial.

That due to the violations of my constitutional
right. I am not allowed to put on a defense
their fore I will be denied a fair Trial.

That as an pro-per inmate who has not been
allowed to interview one witness, not been
allowed to have any phone calls in private, not
been allowed to contact expert witnesses on his
own behalf, not been allowed to run his
own defense.

That all entities listed have violated the
defendants rights to the point that only a civil
suit will allow the plaintiff the proper remedy.

to put on a defense.

That the court has asked in open court to
the plaintiff investigator if he has interviewed
any witnesses on the plaintiffs behalf. The
investigator responded No!. And that the plaintiff
has been requesting the investigator to do
interviews along with making contact to other
experts, but was denied this request due to
Conflict Criminal defenders telling the investigator
he could not contact witnesses, via mail, phone
or in person on plaintiff behalf.

That the investigator stated in open court that:
he is mandated to violate Attorney-Expert
communication, that he must tell Conflict
Criminal Defenders everything we discuess
This is a mandatory violation of my Sixth
Amendment."

The investigator also stated he must get
approval of ever task or duty that he does
on plaintiff behalf before duing it.

The investigator has been denied to contact
other Law enforcement agencies, courts or
any other authority for the plaintiff relief.

DAVID EARL GRAY, X2915303 - IN PRO PER
2:07-cv-00337-GEB-GGH    Document 1    Filed 02/20/07    Page 23 of 101
651 I Street, Sacramento, CA 95814

The plaintiff has no other option but to allow the plaintiff to argue his case in front of a jury showing how his constitutional rights our being violated.

The plaintiff further alleges that if the court does not grant this motion that the plaintiff will continue to suffer mental and physical harm from listed defendants.

The court has denied plaintiff motion of violation of his constitutional rights without hearing any opposing arguments.

The court has not ask any entity to answer to any of the allegations,

The court has furthered even had to file their own motions due to the violations of the defendants rights.

That there was no Certification form in the package that was given to plaintiff from the S.C.M.J law library.

That plaintiff has been informed that some of the legal documents have not been updated.

That I connot force the jail account to
complete any forms or give me a finiacial
statement for the past six months.

That I am a Layman in Law and I would
like the court to appoint a Legal Advisor to
help me in understanding the forms and procedure
in filing a Law suit.

That the defendant is being deprived his
Constitutional rights to put on a defense and
without this court granting this motion the
defendant will continue to being denied his
civil and constitutional rights.

That the defendant has been denied Legal Assistants trained in
law, that the S.C.M.J law library is closed or closing, deining
plaintiff access to courts and material to present a ddense, that other
tools necessary for the preparation of a defense have been
denied to the plaintiff.

I declare under penalty of perjury that the
foregoing is true and correct to the best of
my knowledge.

**DAVID EARL GRAY, X2715303 - *IN PRO PER***
Sacramento County Jail
651 I Street, Sacramento, CA 95814

The following facts support a Jury Trial
Under 42 USC § 1983

I Police Misconduct

a) police officer's have failed or refused to up hold
their duty to protect and serve the entire community.
I was attacked on 10-25-05, 10-29-05 and 11-6-05, they
have refused to investigate these incidents prior to this
alledge crime.
(Please read Motion on Outrageous police misconduct)

b) police officers who were acting as governmental
agents at the time of this incident, collecting evidence,
interviewing suspects and witnesses, But have refused
to do interviews with the defense violating his
constitutional right to compulsory witnesses.
Please read Notice of Motion for Dismiss
for outrageous police conduct and Notice of
Motion for Dismiss for official interference with
witnesses.

17

DAVID EARL GRAY, X2715363 - *IN PRO PER*
Sacramento County Jail
651 1 Street, Sacramento, CA 95814

II    Ineffective Assitance of counsel
    a) Public Defenders office represenlative
Ken Schollor : refused to do anytype of investigation
in-regards to this case; did not interview any witnesses.
    b) Mr. Schollor actual filed a P.C 1368
against the defendant without any justification.
    c) Mr. Schollor violated the defendants rights
to a fair and speedy trial by placing the defendant
under a mental challenge without any justification.
    d) Please read Marsden Motion filed in
this case.

III    Sacramento County Coronors Office
    a) They have refused to do interviews with the
defense denying him a right to a fair trial.
    b) They destroyed material evidence without
following proper procedure and protocol.
    c) They have violated the defendant constitutional
right to compulsory witness, by interfering with his
ability to interview witnesses.
    Please read Letters to Coronor's office and
Declarations filed with the court; Notice to Dismiss
for interfering with defense ability to interview witnesses and

18

**DAVID EARL GRAY, X2715303 - *IN PRO PER***
Sacramento County Jail
651 I Street, Sacramento, CA 95814

Notice of Motion to order deposition of witnesses.

IV Sacramento County Sheriffs

   a) They have refused to follow court orders granted defense access to a private booth to interview witnesses, and private telephone calls to potential witnesses

   b) There policy have denied the defendant the ability to put on a defense

   c) They have intercepted Attorney-Client privilige information, via mail and telephone conversations.

   d) They have refused to allow defendant to have any legal visits from private citizens "in private"

   e) They have refused to allow the court appointed investigator, pass through; also they have tried to intimidate him and me

   Please read Motion, in-regards to pro-per privileges change; Removal of schackles filed in this court, and review hearing on Pro-Per Status with Lt. Jones of SAC Co. Sheriff

19

DAVID EARL GRAY, X2715363 - *IN PRO PER*
Sacramento County Jail
651 I Street, Sacramento, CA 95814

## V. Conflict Criminal Defenders

a) They have quit the defendants case on two occassions, dening the defendant proper representation or the ability to put on a defense.

b) They have refused to assign the proper experts to the case

c) They have violated the defendants right to compulsory process for the attendance of witnesses.

d) They have intercepted Attorney-Client privilege information

e) They have violated the defendants sixth Amendment right, and due process

f) They have interfered with the defendants ability to put on a defense.

g) They have refused to pay private investigators for their services; causing them to quit.

h) They have denied the defendants request to put on a proper defense

1) They have intercepted Attorney-Client privileges

Please Read Motions filed in this case regarding this matter and all letters

20

DAVID EARL GRAY, X2715303 - *IN PRO PER*
Sacramento County Jail
651 I Street, Sacramento, CA 95814

VI  Pro Per Cordinator

a) Has stated defendants has no right to interview witnesses

b) Has denied the defendant right to compulsory process for interview of witnesses

c) Has denied the court appointed investigator to interview witnesses and experts.

d) Has interfered with the defendants ability to put on a defense.

Please Read Motions and letters in EXHIBIT B

CONCLUSION

All Governmental agents have refused to follow any of the courts orders; they have interfered with the defendants ability to put on a defense, they have interfered with his ability to interview witnesses, they have interfered with his ability to have independent testing

21

# EXHIBIT

# A

Minute order granting the defendant certain constitutional rights and tools in order for the defendant to put on a defense.

None of these orders were carried out, all where disobyed by Sacramento County Sheriffs dept.

These orders was for the defendant to have the ability to put on a defense.

By dening these orders the defendants ability to put on a defense was violated denying the defendant a fair Trial.



## SUPERIOR COURT OF CALIFORNIA
### COUNTY OF SACRAMENTO

| | | | |
|---|---|---|---|
| DATE/TIME | : 07/21/06 | DEPT. NO | : 60 |
| JUDGE | : DAVID W. ABBOTT | CLERK | : D. BURRISS |
| REPORTER | : K. SOUSA | BAILIFF | : T. COFFMAN |

**THE PEOPLE OF THE STATE OF CALIFORNIA,**
          Plaintiff,

**VS.**          **Case No.: 05F09779**

**DAVID GRAY,**
          Defendant.

ENDORSED

JUL 2 5 2006

By D. Burriss Deputy Clerk

**Nature of Proceedings:**          **COURT ORDER**

The court orders the Sheriff's department to provide the following privileges to inmate, David Gray, who is acting *In Pro Per:*

1.  Defendant is to receive 5 phone calls per day, station to station, in a private setting, to investigation companies.
2.  Defendant is to receive 5 phone calls per day, station to station, in a private setting, to pathologists.
3.  Defendant is to receive 1 phone call per day, station to station, in a private setting, to potential witnesses to be able to set up an interview date and time.
4.  Defendant is to have use of a confidential interview booth for the purpose of interviewing potential witnesses.
5.  Law librian is instructed to research the internet for 5 minutes in search of insurance records under the defendant's name.
6.  Defendant is to have access to TV/VCR/DVD for the ability to view tapes and/or DVD's in private.
7.  Defendant is to have access and use of an electronic recording device during witness interviews.

Court advised the defendant that the Sheriff's department may want to be satisfied that the defendant is calling the appropriate businesses or witnesses by dialing the numbers for him.

Dated: **7.25.06**

**DAVID W. ABBOTT**

DAVID W. ABBOTT, JUDGE

| | | |
|---|---|---|
| BOOK | : | 60 |
| PAGE | : | 1 |
| DATE | : | 07/21/06 1:35 PM |
| CASE NO. | : | 05F09779 |
| CASE TITLE | : | DAVID GRAY |

Superior Court of California,
County of Sacramento

BY:   D. BURRISS,
          Deputy Clerk

Page 1 of 1

23

z1

# EXHIBIT

# B

Minute order verifying that the court violated the defendants constitutional rights by having a hearing on the defendants Declarations for private party records - which was suppose to be in-camera, violating the Work product privilege and the Sixth Amendment Attorney-Client information.

Refusal of private party records; making it difficult for the defendant to put on a proper defense.

This was all argued infront of the D.A and other parties in the court. A clear violation of defendants constitutional rights.

Defendant did object to this Hearing for the record

24

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SACRAMENTO

| | | | |
|---|---|---|---|
| DATE & TIME | : 09/14/06 | DEPT. NO | : 60 |
| JUDGE | : STEVE WHITE | CLERK | : D, BURRISS |
| REPORTER | : M. MCINTYRE | BAILIFF | : T. BARRAZA |

PEOPLE OF THE STATE OF CALIFORNIA

**ENDORSED**

SEP 1 5 2006

By D. Burriss Deputy Clerk

VS

DAVID GRAY
CASE NO: 05F09779

COUNSEL:
CHRIS ORE, DDA

PRO PER
AUXILLARY COUNSEL, R. MAYORGA, CCD

---

## NATURE OF PROCEEDINGS: DISCOVERY MOTIONS - ORDER

Defendant's discovery motions have been filed, and the court has considered both the motions and defendant's arguments concerning them. They are DENIED, as indicated below.

### 1. Declarations concerning subpoenas

A subpoena duces tecum may be used to obtain records from third parties. When court approval of a subpoena is requested, a defendant must show good cause for its issuance. (See *Yannacone v. Municipal Court* (1963) 222 Cal.App.2d 72.) Good cause would exist if the defendant could not readily obtain the information through his or her own efforts and if it appeared reasonable that the information obtained would assist him or her in preparing a defense. (See *Pacific Lighting Leasing Co. v. Superior Court* (1976) 60 Cal.App.3d 552.)

Defendant filed declarations concerning six subpoenas. The court treats all the declarations as requests for approval of subpoenas.

(1) In the first declaration, defendant stated that he was asking the Department of Motor Vehicles to supply photos of more than 50 persons he listed. He described the persons as either the registered owners of certain vehicles or the drivers of vehicles. He said that some of them may have used aliases. Some names are on defendant's personal list. Others are on a "related person" synopsis.

Defendant's request for approval of this subpoena is denied. Defendant has not explained why he would need to know the appearance of any of the people on the list.

(2) In the second declaration, defendant addressed a subpoena to the manager of Super 8 Motel. Defendant said he believed that the motel keeps a record of everyone who has been registered at the motel or has had a car at the motel. He wanted of copy of the list of motel visitors or

| | |
|---|---|
| BOOK | : |
| PAGE | : |

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO

| | |
|---|---|
| DATE | : |
| CASE NO. | : 05F09779 |
| CASE TITLE : David Gray | |

DISTRIB.    :          BY_____Deputy
                              D. PAIGE - BURRISS

25

NATURE OF PROCEEDINGS:  DISCOVERY MOTION ORDER

residents for the periods October 25 – October 30 of 2005 and November 5 – November 7 of 2005.
He wanted copies of registration cards showing driver's licenses and vehicle licenses for the same
periods.

Defendant's request for approval is denied.  The request is overly broad.  Discovery disclosed
to defendant would show the names of the persons who have been identified as actually observing
the murder in this case. Defendant has not adequately explained why he would need hotel records
covering every visitor for two weekends.

(3) In the third declaration, defendant stated that he would like the Federal Bureau of
Investigation (FBI) to supply him with all government information concerning himself.  He said that he
was filing the request under the Freedom of Information Act.  He said he would like to know all the
companies or people who used his name or Social Security number.  Then he asked for information
on a series of numbers which seem to be listed on a CLETS response.  He also advised the FBI that
he would like land phone or cell phone numbers registered in his name.

Defendant's request for approval of this subpoena is denied.  The FBI does not keep phone
records.  A subpoena is not a request under the Freedom of Information Act.  The FBI does not keep
records showing the use of his name or Social Security number, and defendant has not explained
how that information would assist his defense.

(4) In a subpoena addressed to Metro P.C.S., SBC, AT&T, defendant stated that he would like
his own cell or land phone records for 2005.  He also stated that his daughter had a cell phone and
that he believed men had been contacting her, threatening her, and sending her photos.  He said that
he thought she had been forced to have sexual relationships with these men.  He said that certain
people may have used to telephone services to threaten or harass him by phone, e-mail or text
messaging.  He said the companies may be participating in illegal child pornography.  He said the
companies are able to tell which numbers that he listed belong to each company.

Defendant's request for approval is denied.  This information relates to defendant's conspiracy
theory concerning this case.  That theory does not provide a defense because there has been no
showing that at the time of the murder the victim's actions indicated that he was attacking someone.

(5) In a declaration addressed to the Sacramento Sheriff's Department, defendant said he
would like the booking photos of all the people listed on papers he attached.  He said some of his ex-
cellmates were witnesses in his case.  He said that all the people he listed were contacted by the
district attorney and that he is entitled to the same material that the DA received or to discoverable
items. He attached the related person synopsis and a hand-written list of persons whose cars were at
the scene.    Defendant's request is denied; it is overly broad.  Defendant does not explain how any

NATURE OF PROCEEDINGS: DISCOVERY MOTION ORDER

person on the list would assist his defense or why he would need a picture of that person. If any material

that was discovered by the DA falls into one of the categories in Penal Code § 1054.1, defendant should already have that information.

(6) In a declaration addressed to the Sacramento Police Department, defendant said he would like all reports about himself for 2005. He would like the Department to explain certain codes to him. He would like to know if any complaints were made by Glenda McGregor concerning a vehicle she possessed. He said a vehicle matching the description of Ms. McGregor's was at the scene of an attempted murder. He also sought information about a bicycle.

Defendant's request is denied. Defendant has not explained why he needs previous reports regarding his own police encounters. Unless these are exculpatory, he would not be entitled to them. He also has not explained the relationship between the car or the bike and the defense.

## 2. Motion for Transcripts of Prior Proceedings

Defendant said that his legal advisor needs the transcripts of prior proceedings so that he can catch up with the case; this request actually concerns the current proceedings. No authority directly addresses interim production of a current reporter's transcript in a non-death penalty case. By analogy, a motion for a transcript for a new trial motion is treated as "an integral part of the trial itself,…[and] a full reporter's transcript [would] be furnished to all defendants . . . whenever necessary for effective representation by counsel at that important stage of the proceeding." (*People v. Bizieff* (1991) 226 Cal. App. 3d 1689, 1700.) In addition, if this were a habeas proceeding, defendant would be entitled to transcripts if he could show need. (See *Miller v. Hamm* (1970) 9 Cal.App.3d 860, 871.)

The motion is denied until advisory counsel has reviewed the file and explained which reporter's transcripts are needed for the defense.

## 3. Notice to Legal Advisor

Defendant filed a notice stating that he would like his legal advisor to provide him a contract describing the advisor's duties, The request to direct counsel to produce a contract is denied. .

Advisory counsel is not defendant's private lawyer. Counsel cannot enter a contract with defendant. If he did, defendant would no longer be pro per. Counsel may be able provide advice on

TITLE: STATE OF CALIFORNIA VS DAVID GRAY

NATURE OF PROCEEDINGS:  DISCOVERY MOTION ORDER

4 OF 4

legal questions, such as those defendant noted concerning search and seizure and his constitutional
rights.

    IT IS SO ORDERED.

       DATED: 9-15-06

                                   Steve White
                                            JUDGE

28

EXHIBIT

C

Minute order verifying interception of
Attorney Client-privilege information by
District Attorney also see motion filed

That on 9-25-06 bats + X-RAYS where suppose
to be made available for experts "defence"

Both experts approved.

Minute orders verifying that deffendant has
been requesting testing and giving evidence to
his experts

29

DEFENDANT NAME
GRAY DAVID EARL

| | DEF | XREF | CASE |
|---|---|---|---|
| | 1 | 2715303 | 05F09779 SUP |

CUSTODY STATUS: CUST
DOB: 10/15/1962
LEA: SACRAMENTO POLICE DEPARTMENT
BAIL SET:     NO BAIL
BAIL POSTED:

DATE FILED: 11/17/2005
ARREST #: 09013511-05

BOND #:

PROSECUTOR: TEAM 1/MO, ORE

DEFENSE:
TYPE: PP
      MAYORGA, (ADVISORY
      CAC

SECTION(S) VIOLATED:
        11/06/2005

(CT 1)     PC   187(A)
ALLEGATIONS:   PC 12022(B)(1)
               PC 1192.7(C)(23)
               TWO STRIKES ALLEGATIONS
               W/1 PRIOR
               PC 1192.7(C)
               PC 667(B)-(I)

***********************************************************************

| DATE | JUDGE | DEPT | REL | CSR | PROCEEDINGS |
|---|---|---|---|---|---|
| 12/1/06 | BAKARICH | 41 | M/C | YIRG | TRIAL MOT 15 38.5 (not file) |
| | | | | | Cont 9-27-06 8454 (7/10) |
| | | | | | Cont 9-22-06 830 60'A' Dep |
| | | | | | Cont 9-23-06 845 4 with Rec only |
| | | | | | A app WUD |
| 1/22/06 | Meegan | l80 | T/c | S377 | FP Re Req for Experts - 9/25/06 4∞6 |
| | | | | | Chris Ore provided envelope of documents |
| | | | | | to the Court. Court ordered envelope sealed |
| | | | | | & retained by Court to be viewed busy |
| | | | | | Rod Mayorga. |

UTSTANDING WARRANTS ON TOP OF THIS
Crt approves forensic
analytical specialties as experts to be pd
① rate that is standard rate
pd by CCD only
② Fingerprint specialist Angelo Rum
approved as expert @ the standard
rate pd by CCD

7-25-06  abbott  l80  1/c 12659
K Crt ords I compl to Invest. per
Crt ords bats to be
made available to experts
Crt ords X rays be made
available to experts
... of photos of wtn's - denied

Records rel to source
Records rel to source
Counsel stip to chain
custody purs EC 156

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
MINUTE ORDER HEADER/PROCEEDINGS

DEFENDANT NAME                                      DEF    XREF      CASE
GRAY DAVID EARL                                      1    2715303   05F09779 SUP

CUSTODY STATUS: CUST
DOB: 10/15/1962                                      DATE FILED: 11/17/2005
LEA: SACRAMENTO POLICE DEPARTMENT                    ARREST #: 09013511-05
BAIL SET:      NO BAIL
BAIL POSTED:                                         BOND #:

PROSECUTOR: TEAM 1/MO, ORE            DEFENSE:
                                      TYPE: PP
                                            MAYORGA, (ADVISORY
                                            CAC

SECTION(S) VIOLATED:
       11/06/2005                    (CT 1)   PC  187(A)
                           ALLEGATIONS:  PC 12022(B)(1)
                                         PC 1192.7(C)(23)
                                         TWO STRIKES ALLEGATIONS
                                         W/1 PRIOR
                                         PC 1192.7(C)
                                         PC 667(B)-(I)

*********************************************************************
| DATE | JUDGE | DEPT | REL | CSR | PROCEEDINGS |
|******|*******************|****|****|****|*********************|
| 102506 | ABBOTT | 60 | 1/C | | 1) MOT DISC - gtd. |
| 01:35 | | | | | 10.25.05  911 tape discovered & |

Invest A. Saucedo addressed pgs 1097-1101 dispatch communication
the Crt re: progress in 2) mot additional experts -
Investigation AS1 R        cont  11.8.06   135 - 60
Crt reviewer correspondence
fr Haddix, forensic spec 3) Reg address of subp wtns -
                            cont  11.8-06   135   60

4) mot for funds re: manequin-
gtd

5) mot for Criminal code
inter preter - gtd @ ccb rate

6) Crt authorizes bat, glasses,
VCR, VCR tape, head phones, Knife
+ shoes  w/ a∆ expert to turn over
31) by any prints to DA.

The annexed instrument is a correct copy of the original on file in my office.

Attest: NOV 8, 2006
Certified:
DO NOT FILE ANY DOCUMENTS EXCEPT
Superior Court of California
By

ICR0420/CR61A - PAGE 01

EXHIBIT

D

Minute order varifying defendant filed
motion in-regards to the violation of his
constitutional rights   and other evidence
needed to put on a defense.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
MINUTE ORDER - PROCEEDINGS

GRAY DAVID EARL                                    1    2715303    05F09779 SUP

DDA: ORE, C.                                                      Pro Per

| DATE | JUDGE | DEPT | REL | CSR | PROCEEDINGS |
|------|-------|------|-----|-----|-------------|
| 9.7.06 | ABBOTT | 60 | I/C | 11951 | various mots |
| 04:00 | | | | | 1) Reg re-subm private party recs |
| | | | | | cont 9-14-06 4pm 60 |
| 3) Not to reg Disc ltr #5 | | | | | 2) mot add't'l law library prs- |
| - grtd in part - see below | | | | | cont |
| 4) mot to introduce evid | | | | | 3) reg for mo listing wtas servd - |
| of character of alleged vict | | | | | cont |
| cont to trial 9-21-06 | | | | | 4) reg mod pro per status |
| 5) mot for transcripts of | | | | | cont |
| prior proceedings - cont'd | | | | | 5) mot re: UCD records |
| | | | | | cont |
| 6) mot to suppress electronic | | | | | 6) reg concern Disc ltr #4 |
| surveillance evid & interception | | | | | cont |
| confid atty client-wtn comm | | | | | 7) mot re: pretrial disc similar crimes |
| prrs 1538.5 + 629.22 -- | | | | | cont |
| cont to TD 9-21-06 | | | | | 8) mot to determine auth of evid & to exclude |
| | | | | | cont |
| Invest. Conners, pres) | | | | | 9) Supple Pitchess mot |
| En re: DISC ltr #5 | | | | | cont |
| Crt ords protective an | | | | | 10) Reg concern lmtd wtn info fr DMV |
| redacted rap sheets-disc | | | | | cont |
| as 905-1070 & ords | | | | | 11) mot for ord safeguard prisoners const |
| items to be rtn to crt | | | | | rts prrs 2600 R |
| fils ① compl of trial | | | | | 330. cont |
| DA to have finger print | | | | | 12) 2 mots to suppress stmnts, confess, |
| rpts by 9-21-06 | | | | | & observation - cont |
| e guns, update DA name | | | | | pg 1 of 2 |

GRAY DAVID EARL                                1   2715303   05F09779 SUP

**************************************************************
| DATE | JUDGE | DEPT | REL | CSR | PROCEEDINGS |
| ****** | *************** | **** | **** | **** | ***************************************** |
| '.7.06 | ABBOTT | 60 | 1/C | 11917 | In camera hrg held out of |
| 04:00 | | | | | the presence of the DA |
| | | | | | re: evid to be given to |
| | | | | | experts |
| | | | | * | Crt grants 2 hr consultation |
| | | | | | fee w/ experts. @ CCD rate |
| | | | | | only |

The annexed instrument is a correct copy of
the original on file in my office.

Attest:     10-3-06
Certified:

Superior Court of California
By

(34) pg.

pg 2 of 2

# EXHIBIT

# E

Court Minute order verifying that Conflict
Criminal Defenders withdrew from the case

DEFENDANT NAME
GRAY DAVID EARL                                              DEF    XREF    CASE
Case 2:07-cv-00337-GEB-GGH    Document 1    Filed 02/20/07    Page 44 of 101
                                                             1  2715303  05F09779 SUP

CUSTODY STATUS: CUST
DOB: 10/15/1962                                    DATE FILED: 11/17/2005
LEA: SACRAMENTO POLICE DEPARTMENT                  ARREST #: 09013511-05
BAIL SET:    NO BAIL
BAIL POSTED:                                       BOND #:

PROSECUTOR: TEAM: 63/MO                   DEFENSE:
                                          TYPE:

SECTION(S) VIOLATED:
         11/06/2005              (CT 1)    PC  187(A)
                         ALLEGATIONS:   PC 12022(B)(1)
                                        PC 1192.7(C)(23)
                                        TWO STRIKES ALLEGATIONS
                                        W/1 PRIOR
                                        PC 1192.7(C)
                                        PC 667(B)-(I)

**********************************************************************
| DATE   | JUDGE  | DEPT | REL | CSR | PROCEEDINGS |
| ****** | ****** | **** | *** | *** | ************ |
| 062306 | ABBOTT | 60 | 1/C | 1042 | mot re: Investigator - cont'd |
| 01:35 | | | | | 6.30.06  1:35 60 |
| | | | | | amend mot re: pro per privs |
| | | | | | cont 6.30.06 |
| | | | | | mot re: in camera hrg re: subps: |
| | | | | | cont 6.30.06 |
| | | | | | Supple mot re: Subp for names & phone #'s |
| | | | | | cont 6.30.06 |
| | | | | | Req add'l hrs in law library: |
| | | | | | cont 6.30.06 |
| | | | | | ✗ Crt ords ∆ be able to view |
| | | | | | video tapes + CD's & jail staff |
| | | | | | to make this possible |

DO NOT FILE ANY DOCUMENTS        CCD envestigator Hutala    JMS
                                 Pres + req w/drawal from    20
                                 case- gtd

JICR0420/CR61A - PAGE 01

36

EXHIBIT

F

Various Minute orders that was not obeyed

1. In-Regards to M. Manning

2. Contact of Dept. of Insurance : in-regards to Life Insurance

3. Get copy of Medical x rays - SCANS

court date  12-15-03

37

GRAY DAVID EARL                                                    1   2715303   05F09779 SUP

**************************************************************

| DATE | JUDGE | DEPT | REL | CSR | PROCEEDINGS |
|------|-------|------|-----|-----|-------------|
| 120806 | ABBOTT | 60 | V/U | 211V | Various Motions: Lt Jones, dost com Bunce, A. Saucedo pres |
| 03:30 | | | | | 1) MOT DISC |
| | Current housing | | | | cont 12-15-06 / 35 60 |
| | list will not be rel | | | | |
| | as fully stated | | | | |
| | into the record | | | 2) | Mot Appt Psych Experts |
| | | | | | cont 12-15-06 / 35 60 |
| | Names of cell mates | | | | |
| | can be rel to Investigator | | | | |
| | Saucedo | | | 3) | Mot crt to Subp recs or auth funds |
| | | | | | cont 12-15-06 / 35 60 |
| | The Court will | | X | | |
| | speak w/ Mo | | | | |
| | Manning IN | | | 4) | Mot re: Pro Per Priv & Investigator Privs |
| | Ref to copies of | | | | cont 12-15-06 / 35 60 |
| | X-ray films | | | | |
| 2.14.06 | abbott | 60 | Yc | 2112 | ex parte hrg; Von Manning + A. Saucedo pres |
| | | | | 1) | Crt gts req for VHS Tape expert. |
| | | | | 2) | Crt gts investigator Saucedo the ability to contact Dept on Ins re: life ins policies |
| | | | | 3) | Crt ords the UC D med stay to release X rays + scans of Δ. |

ICR0420/CR61B - PAGE 01                    38 pg.

Confirm 12.15

# EXHIBIT

# G

Minute order showing a hearing on various motions that were denied or granted.

All motion granted never materialized making the formality an empty one, denying the defendant due Process of Law

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SACRAMENTO

| | | | |
|---|---|---|---|
| **DATE/TIME** | : 05/12/06 | **DEPT. NO** | : 60 |
| **JUDGE** | : DAVID W. ABBOTT | **CLERK** | : D. BURRISS |
| **REPORTER** | : | **BAILIFF** | : |

**THE PEOPLE OF THE STATE OF CALIFORNIA,**
        **Plaintiff,**

**VS.**        **Case No.: 05F09779**

**DAVID GRAY,**
        **Defendant.**

---

**Nature of Proceedings:**        **VARIOUS MOTIONS - ORDER**

---

On May 8, 2006 at 1:35 p.m. defendant David Gray presented the following
motions:  Request to Serve Subpoena and Remove Jail Inmate; Request to
Subpoena Four Witnesses; Request for Payment to FRS Enterprises for Medical
Records; Request for an Itemized List of Discovery Items Produced by the
District Attorney; and "Informal Discovery Letter."  Mr. Gray was present
*In Pro Per.*  The People were represented by Chris Ore.  Upon submission of
the memoranda submitted by defendant and arguments presented by both sides,
the Court issues the following rulings and orders.

"**Informal Discovery Letter.**"  This discovery request presents a
comprehensive list of items that are described generically.  The defendant
has been given a significant amount of discovery materials that were
delivered to him via the court appointed investigator.  The defendant has
refused to accept these materials due to his dissatisfaction with the
conduct of the investigator.  Defendant's request that such materials be
re-issued or re-produced by the prosecution is denied.  The defendant is
ordered to review and utilize the discovery previously produced by the
prosecution via the court appointed investigator.  The prosecution shall
review items one through twenty-eight of this request and produce all
materials that were not previously made available to the defendant.

Defendant's request that the prosecutor meet with him and review the list
of discovery materials item by item is denied.  However, the prosecutor is
ordered to provide defendant with a list of all items of discovery that
have been provided to defendant to date.

| | | |
|---|---|---|
| **BOOK** | : 60 | |
| **PAGE** | : | **Superior Court of California, County of** |
| **DATE** | : MAY 12, 2006 | **Sacramento** |
| **CASE NO.** | : 95F09772 | |
| **CASE TITLE** | : PEO vs. GRAY | |

**BY: D. BURRISS,**
        **Courtroom Clerk**

40

z1

The defendant shall be provided with equipment necessary to view discovery materials on Video tapes and compact disks. If a compact disk player is not available, the prosecution is ordered to download all material on the disks and provide defendant with the information or photographs on paper.

**Request for Payment to FRS Enterprises, Inc.** Defendant requests payment to FRS Enterprises, Inc. in the amount of $24.42 for photocopies of medical records pertaining to defendant. In criminal cases medical records are photocopied without charge in response to a subpoena. Defendant is ordered to properly serve a subpoena to obtain copies of his medical records without cost.

**Request for Serving Subpoena and Removal of Jail Inmate.** Defendant's request that Azina Corleone be transported in custody from Sacramento County Jail for testimony at the preliminary hearing in this matter is granted. If a date for the preliminary hearing is assigned, this witness must be served by the Sheriff's Department with a subpoena for the date of the preliminary hearing before the witness is released from custody. Defendant shall prepare a subpoena for service on the witness.

**Request for Subpoena of Witnesses for Preliminary Hearing.** Defendant's request that subpoenas be served on Sandy Green, Heidi Vernon, Dezzire Smith and Charles Caldwell for testimony at the preliminary hearing is granted. Defendant shall prepare the subpoenas for service on the witness. Defendant's request that subpoenas be served on Clinton Beard, Charles Gooden, Glenda McGregor, Aaron Poindexter, Pamela Boody-Queenland and Nykisa Gray is granted. The proposed testimony of these witnesses was reviewed by the court in an *in camera* hearing and the court finds that the expected testimony described by defendant is relevant and material to issues to be addressed in the preliminary hearing. Defendant's request for service of subpoenas on Audie Hogue, Kim Padilla and Jessica Smith is denied on the grounds that the expected testimony of these witnesses is not relevant and material to the preliminary hearing.

Defendant's request for service of subpoenas on Sacramento Police Officers Saechao, Marks and Fan and coroner Robert Lyons is granted. Following *in camera* review, the court finds that the expected testimony of these witnesses is relevant and material to the preliminary hearing. The expected testimony of Officers Lawson, Braverman, Bornhoeft, Farahmond, Garcia, Costa, Green, Morris, Murray, Trotter, Modeste, Tyndale, Lang, Trotter, MacLafferty and Kohl, after *in camera* review, is found to be not relevant and material to the preliminary hearing and defendant's request for service of subpoenas on these witnesses is denied.

| | | |
|---|---|---|
| **BOOK** | : **60** | **Superior Court of California, County of Sacramento** |
| **PAGE** | : | |
| **DATE** | : **MAY 12, 2006** | |
| **CASE NO.** | : **95F09772** | |
| **CASE TITLE** | : **PEO vs. GRAY** | |
| | | **BY: D. BURRISS,** |
| | | **Courtroom Clerk** |

**CASE NUMBER: 05F09772**     **DEPARTMENT: 60**

**CASE TITLE: PEO vs. GRAY** Case 2:07-cv-00637-GEB-GGH  Document 1  Filed 02/20/07  Page 50 of 101

Defendant shall prepare all subpoenas for service by the Civil Division of
the Sheriff's Department.

**Motion to Change Defendant's Pro Per Status and Privileges.**  Defendant
makes the following requests modification of the standing order of the
court granting pro per status and privileges to a county jail inmate:  (1)
one hour each day outside his cell for preparation of his defense; (2)
access to the law library at least 4 hours per week; (3) additional 2 to 3
hours per week with a place and material for viewing of video tapes and
audio visual material; (4) access to use of a phone outside the presence of
other inmates and at least one phone call per day; (5) visits by legal and
expert witnesses; (6) at least 5 visits per week from perspective  .
witnesses; (7) access to information of witnesses who are not victims; (8)
subpoenas issued to more than 4 witnesses; and (10) tape recording of
witnesses who are county employees and Sacramento Police Officers.

The foregoing requests are denied.  Defendant has failed to show good cause
for expansion of privileges in excess of the standing order.

**Motion for Appointment of Expert.**  This request is denied.  Defendant must
seek all expert witnesses by a written request to Conflict Criminal
Defenders.

Dated 05/12/06

**DAVID W. ABBOTT**
_____
DAVID W. ABBOTT
JUDGE OF THE SUPERIOR COURT

**BOOK**  **: 60**
**PAGE**  **:**
**DATE**  **: MAY 12, 2006**
**CASE NO.** **: 95F09772**
**CASE TITLE** **: PEO vs. GRAY**

**Superior Court of California, County of
Sacramento**

**BY: D. BURRISS,** _____
   **Courtroom Clerk**

**Page 3 of 3**

z1

DAVID EARL GRAY, 2715363 - *In Pro Per*
651 I Street
Sacramento, CA 95814

Def

JAN 2 3 · 2007

By D..Burriss Deputy Clerk

Attorney for the Defendant:   DAVID EARL GRAY

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SACRAMENTO

1-29-07
1:35
60

PEOPLE OF THE STATE OF CALIFORNIA )   CASE NO. 03F09779

Plaintiff(s),

vs

DAVID EARL GRAY;

Defendant .

)
)
)
)
)
)
)
)

Notice of Motion To Dismiss For Conflict. Criminal Defenders + Pro-Per Cordinator. Interference with Right To Counsel

TO THE SACRAMENTO COUNTY SUPERIOR COURT AND THE DISTRICT ATTORNEY OF SACRAMENTO COUNTY AND HER REPRESENTATIVE

Please Take Notice that on 1-29-07, at 130pm, or as soon thereafter as the matter may be heard in the courtroom of Department 60 of the above-entitled court, the defendant will move for an order dismissing all charges in this action.

This motion will be made on the ground that the actions of Conflict Criminal Defenders Pro Per Cordinator Office have prevented the

1

DAVID EARL GRAY, X2715963 - *IN PRO PER*
Sacramento County Jail
651 I Street, Sacramento, CA 95814

defendant from preparing and presenting a
meaningful defense and deprived him of
effective assistance of counsel contrary to the
provisions of the Sixth and Fourteenth
Amendments to the United States Constitution
and Article 1, § 15 of the California Constitution

The motion will be based on this notice
of motion, on the attached declaration and
memorandum of points and authorities served
and filed herewith, on such supplemental
declarations and memoranda of points and
authorities as may hereafter be filed with the
court, on all papers and authorities as may
hereafter be filed with the court, on all
the papers and records on file in this action, and
on such oral and documentary evidence as may
be presented at the hearing of the motion.

DAted:

Attorney for Defendant

DAVID EARL GRAY, X2715363 - *IN PRO PER*
Sacramento County Jail
651 I Street, Sacramento, CA 95814

# AUTHORITIES

U.S.A Constitution Sixth and Fourteenth Amendments

California Constitution Article 1 § 15, Art. III + IV   Proposition 7

Boulas v Superior Court (1986, 2nd Dist) 188 Cal App 3d 422, 423, 233 Cal Rptr 487

People v Moore (1976, 4th Dist) 57 Cal App 3d 437, 442, 129 Cal Rptr 279

Barber v Municipal Court for San Luis Obispo County (1979) 24 Cal 3d 742, 752, 157 Cal Rptr 658, 598 P2d 818

Corenevsky v Superior Court (1984) 36 Cal 3d 307, 319, 204 Cal Rptr 165; 682 P2d 360

Torres v Municipal Court of Los Angeles Judicial Dist. (1975, 2nd Dist) 50 Cal App 3d 778, 784, 123 Cal Rptr 553.

3

DAVID EARL GRAY, X2715363 - *IN PRO PER*
Sacramento County Jail
651 I Street, Sacramento, CA 95814

# COMMENTARY

This motion is designed when the actions of governmental agency or their agents act in a way that circumvents a defendant's constitional right to counsel, that prevents a defendant from prepare and presenting an adequate defense.

A defendant's constitutional right to counsel imposes upon the (Pro-Per Cordinator) an affirmative obligation not to act in a manner that circumvents and thereby dilutes the protection afforded by the right to counsel [Boulas v Superior Court (1986, 2nd Dist) 188 Cal App 3d 422, 423, 233 Cal Rptr 487].

The intentional undermining of an Individual's right to counsel by governmental interference in the attorney-client relationship is such a fundamental violation as to deprive the defendant of due process [People v Moore (1976, 4th Dist) 57 Cal App 3d 437, 442, 129 Cal Rptr 279].

The right to counsel includes the right to communicate in absolute privacy with one's attorney. The right to counsel which embodies the right to private consultation with counsel, is violated

4

1  DAVID EARL GRAY, X2715363 - *IN PRO PER*
   Sacramento County Jail
2  651 I Street, Sacramento, CA 95814

3

4  When a state agent is present at or intercepts a

5  confidential attorney-client communication [ Barber v.

6  Municipal Court for San Luis Obispo County (1979)

7  24 Cal 3d 742, 752, 157 Cal Rptr 658, 598 P2d

8  818].

9  The constitutional right to counsel includes

10 court-ordered defense services such as investigators,

11 law clerks, or other experts needed to properly prepare

12 a defense [ Corenevsky v Superior Court (1984) 36 Cal.

3  3d 307, 319, 204 Cal Rptr 165, 682 P2d 3607.

4  They also declared that "the right to

5  counsel encompasses the right to effective counsel

6  which in turn ecompasses the right of an indigent

7  and his appointed counsel to have the services of an

8  investigator." and to advise the defendant on a

9  confidential basis and testify on the defendant's behalf

   and for such other orders as may seem just and

   proper.

   That Conflict Criminal defenders Pro-Per

   Cordinator is an administrational branch of government

   and that they cannot dectate a judicial branch of

   government nor deny a person constitutional rights.

   Liberty is a protected right that cannot be taken

5

**DAVID EARL GRAY, X2715303 - *IN PRO PER***
Sacramento County Jail
651 I Street, Sacramento, CA 95814

without due process and equal protection of the
law. Conflict Criminal defenders pro-per cordinator By
granting themselves discretion to deny defendants
his vested rights C.C.D are violating the
fundamental laws of the State and Federal
Constitutions (See: e.g, Pen Code §§ 1170(a)(1),
2931, & 3000(f); Stats 1977 c 165 §§ 15, 38,
& 42; Cal. Const. Art I §§ 7(a)+(b); 9+26;
Art. III § 3 Art. IV §§ 9 + 16, and the 1st,
5th, 6th, + 14th Amed's to the U.S. Const.,
Supra).

Futhermore, as administratively appointed officials,
C.C.D have abused their discretion, because
under STATe law, no Legislative agency can
be vested with the power to determine a
persons fundamental rights. CCD actions
violate both State and Federal Constitutions.
If the state takes action that prevents the defendant from
presenting an adequate defense in violation of his constitutional
guarantees, the case may be dismissed in furtherance of justice.
People v Mejia (1976, 4th Dist) 57 Cal App 3d 574, 129 Cal Rptr 192

6

1  DAVID EARL GRAY, 2715363 - *In Pro Per*
2  Sacramento County Jail
   651 I Street
3  Sacramento, CA 95814

4  Attorney for the Defendant:   DAVID EARL GRAY

5        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

6            IN AND FOR THE COUNTY OF SACRAMENTO

7  PEOPLE OF THE STATE OF CALIFORNIA   )   CASE NO. 05F09779
8                                      )
                        Plaintiff(s),  )   Declaration In Support
9  vs                                  )   of Motion To Dismiss for
10 DAVID EARL GRAY;                    )   C.C.D Pro-Per Cordinator
11                                     )
                        Defendant.     )   Interference with Right
12                                     )   To Counsel
13

14    I, David Gray ; declare the following :

15

16   I am the Attorney for the defendant in the above-
17   entitled case

18

19   I am informed and believe that the actions of
20   Conflict Criminal Defenders and The Pro Per Cordinator
21   has violated the defendants constitutional rights
22   by Interfering with his right to Counsel.

23

24   That C.D.C and its agents have made the
25   Sixth Amendment right to counsel a meaningless
26   gesture by denying the defendant the use of working
27   tools essential to the establishment of what would
28   appear to be a tenable or possible defense.

                          7

**DAVID EARL GRAY, X2715303 - *IN PRO PER***
Sacramento County Jail
651 I Street, Sacramento, CA 95814

I am informed and believe that CDC and the Pro-Per Cordinator is an administrationaly part of the government and as administratively appointed officials, CDC and its agents have abused their discretion, because under State law no Legislative agency can be vested with the power to determine a person's fundamental rights, and they have took it upon themselves to control the defendants Investigation, investigator and his actions.

I am informed and believe that C.D.C and the pro-per cordinator has intercepted confidential Attorney-Client information by having the pro-per inmate give them all details of their conversation This is a violation of Attorney Client privileges.

I am informed and believed that by having my Investigator give C.C.D pro-per cordinator all of my information regarding his investigator duties and their results is a violation of Attorney-Client privileges

8

1  I am informed and believed that by C.D.C
2  agents dictating what my investigator can investigate
3  undermmes the defendant's ability to put on a defense.
4
5  I am informed and believe that an investigator is a
6  professional and have knowledge what is proper and legal
7  in-regards to investigator duties
8
9  I am informed and believe that C.D.C is a public
10 agency and they are only suppose to grant and pay
11 for an indigent, to get an investigator who is capable
12 of helping the defendant properly prepare his case by
13 obtaining factual information.
14
15 That C.D.C should only be alloting 40 hrs a
16 week or so And that the defendant should be
17 directing his investigator without interference from
18 C.D.C
19
20 By forcing the defendant to divulge the nature
21 of his investigation in open-court or writing is
22 a violation of his Fifth, Sixth and Fourteenth
23 Amendments rights.
24
25 That by not allowing the investigator to contact
26 witnesses via mail, in person or phone is a
27 violation of due process.
28

That by not allowing the defense to contact other Law enforcement agency's is a violation of compulsory witnesses, and violates the defendants ability to put on a defense.

That by having the investigator to get a ok on everything they do in-regards to anything. for the defense is a violation of the defense ability to put on a defense.

That the pro-per cordinator has denied the investigator to contact witnesses on behalf of the defense by mail, phone or person.

That the investigator has been denied to investigate potential evidence in-regards to the defense, he has been denied to contact the Third Appellant Court, contact Dept. of Justice, Contact Insurance Companies, and other value investigator task.

That C.D.C has become a vanguard against the defense by arguing over issues that our not in their duty or best interest, that they are only suppose the authrization of the funds and not get into the nik-nak of what the investigator duties our.

**DAVID EARL GRAY, X2715363 - *IN PRO PER***
Sacramento County Jail
651 I Street, Sacramento, CA 95814

That CDC and its agents have argued over
what evidence can and can't be tested.

That they are a public agency and they do not
have the power to do this.

That they have refused to pay for certain test
or investigator duties that have already been
approved by the court.

That CDC and its agents our public officials
and our not allowed to quit the defense our refuse to
pay for an indigent inmate defense as they did.

That C.D.C has declared if they don't like
the way you our investigating something they have
the right to determine the outcome of court
proceedings by violating defendants constitutional
rights.

I am informed and believe that the actions of
CDC and its pro-per cordinator have violated the
defendant constitutional rights to the point where the

11

**DAVID EARL GRAY, X2715303 - *IN PRO PER***
Sacramento County Jail
651 I Street, Sacramento, CA 95814

defendant will not have a fair Trial, or due
process

That conflict criminal defender's have intercepted
confidential communications from the A Horney - expert
relationship.

I am informed and believe that CDC should have a
budget set aside for an investigator in-regards to a murder
case, and that they should not be personally involved in the
everyday aspect of the investigation and his duties and task.

That they are administrational and they should not be directing
the investigation of a criminal matter.

I declare under penalty of perjury that the foregoing
is true to the best of my knowledge and that which is
stated on information and belief I believe them to be
true.

DATED

Declarant.

12

DAVID EARL GRAY, 2715303 - In Pro Per
Sacramento County Jail
651 I Street
Sacramento, CA 95814

Attorney for the Defendant:   DAVID EARL GRAY

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SACRAMENTO

PEOPLE OF THE STATE OF CALIFORNIA )   CASE NO. 05F09779
                                  )
                 Plaintiff(s),    )   Points And Authorities
                                  )   In Support of Motion To
vs                                )
                                  )   Dismiss For Conflict Criminal
DAVID EARL GRAY,                  )   Defenders + Pro Per Cordinator
                                  )   Interference with Right to
                 Defendant.       )   Counsel

Defendant submits the following points and authorities
in support of motion to dismiss for Conflict Criminal defenders
+ Pro Per Cordinator Interference with Right to Counsel:

## I

## A DEFENDANT'S RIGHT TO COUNSEL CREATES A GOVERNMENTAL DUTY NOT TO UNDERMINE THIS CONSTITUTIONAL PROTECTION

Our system of criminal jurisprudence has long
recognized the right of an accused to be aided by
effective assistance of counsel of his own choosing at all
critical stages of criminal proceedings. (US Const, Sixth

13

Amendment; Cal Const, Art I, § 15.)

The right to counsel places upon the government the obligation not to act in any manner that undermines this constitutional protection. The state is obligated "to refrain from unreasonable interference with the individual's desire to defend himself in whatever manner he deems best, using every legitmate resource at his command." (People v Crovedi (1966) Cal 2d 199, 206, 53 Cal Rptr 284, 417 P2d 868.)

In the case at hand the COC and Pro Per Cordinator has denied every basic constitutional protection that the defendant has. (Please see Exhibit A) Letter to defendant deny basic request for Investigator Services.

They have stated in open court on 1-10-07 that they have denied the defendant request to have his investigator contact potential witnesses on his behalf via mail, phone or in person.

That COC has stated they would not allow the defendant to contact the court appointed investigator by using their phone system refuse to transfer any calls to the pro-per cordinator or investigator.

They have ordered the investigator to first check with them and get an ok before he is allowed to do any investigation, making it impossilble for the defendant to prepare a defense.

1  "[At] the very least (CDC and pro per Cordinator)
2  have an affirmative obligation not to act in a
3  manner that circumvents and thereby dilutes the
4  protection afforded by the right to counsel."
5  Maine v Moulton (1985) 474 US 159, 171, 88 LEd
6  2d 481, 493, 106 S Ct 477.
7
8      In the case at hand the CDC and Pro-Per
9  Cordinator policy dilutes this protection. By forcing
10 the defendant to write out his stratagy on paper
11 and granting theirself the power to grant or deny
12 investigational duties. By placing theirselves over
13 judicial matters and determining if they feel what needs
14 to be investegated.
15     They are not expert on investigations so how can
16 they determine what should be authorize to be
17 investigated.
18
19                    II
20
21     THE RIGHT TO COUNSEL EMBODIES
22  THE RIGHT TO CONFIDENTIAL COMMUNICA-
23  TION WITH COUNSEL AND IS VIOLATED
24  WHEN THE STATE IMPROPERLY INTERCEPTS
25  CONFIDENTIAL ATTORNEY-CLIENT
26         COMMUNICATION
27
28     The right to counsel is guranted to a defendant

DAVID EARL GRAY, X2715383 - *IN PRO PER*
Sacramento County Jail
651 I Street, Sacramento, CA 95814

in a criminal case by both the Sixth Amendment
to the United States Constitution and Article I, § 15
of the California Constitution. The right is a "fundamental
constitutional right, which has been carefully guarded
by the courts of this state." (Re James (1952) 38 Cal
2d 302, 310, 240 P2d 596.)

The courts have recognized "that the right to
counsel guaranteed by the California Constitution embodies
the right to communicate in absolute privacy with ones
attorney." (Barber v Municipal Court for San Luis Obispo
County (1979) 24 Cal 3d 742, 751, 157 Cal Rptr 658, 598
P2d 818.) The court has stated that an
defendant has the right to communicate with his
expert on a confidential basis under the Sixth and
Fourteenth Amendment.

In the case at hand by forcing the investigator
to turn all communications that the defendant and
his private investigator have in private to CDC and/or
pro-per coordinator is a violation of the defendants
Attorney Expert Comminication and his sixth Amendment.

The right to counset, which embodies the right to

16

DAVID EARL GRAY, X2715383 - *IN PRO PER*
Sacramento County Jail
651 I Street, Sacramento, CA 95814

private consultation with (experts), is violated when
(CDC agents) improperly intercept a confidential
(attorney-expert) communication.

In Wilson v Superior Court of Los Angeles County
(1977, 2nd Dist) 70 Cal App 3d 751, 758, 139 Cal Rptr 61,
the court labeled the governmental tape recording of a
confidential attorney-client conversation as "outrageous
violation of petitioner's most fundamental constitutional rights."
In the case at hand the policy issued by CDC
and the pro-per cordinator office violates this basic
fundamental right. The defendant has been informed
by his investigator that everything they discuss or
communicate about, he has to divulge all communication
to CDC and pro-per cordinator office which means
that they are intercepting Attorney-Expert communication
which is a violation of the defendants constitutional
right.

By placing an order in their rules indicating that
all investigator request or task must first be approved
and authorize by them violates the fundamental right
of Attorney Client privilege, work privilege doctorine,
due process and the defendants ability to put on a
defense. (Please see Exhibit B pro-per rules)

17

DAVID EARL GRAY, X2715303 - *IN PRO PER*
Sacramento County Jail
651 I Street, Sacramento, CA 95814

## III

## DISMISSAL OF THE CHARGES IS THE ONLY APPROPRIATE REMEDY FOR SUCH A CONSTITUTIONAL VIOLATION

The California Supreme Court has held that the only effective remedy for the intentional interception of a confidential attorney-client communication is dismissal of the underlying charges. In *Barber v Municipal Court for San Luis Obispo County* (1979) 24 Cal 3d 742, 759-760, 157 Cal Rptr 658, 598 P2d 818, the court held:

"The intrusion, through trickery, of the law enforcement agents (~~CDC and Pro Per Cordinator~~) in the confidential attorney-client conferences of petitioners cannot be condoned. The right to confer privately with ones attorney is one of the fundamental rights guaranteed by the American criminal law — a right that no legislature or court can ignore or violate' [citation omitted]
The only effective remedy is the dismissal of the underlying charges."

18

DAVID EARL GRAY, X2715303 - *IN PRO PER*
Sacramento County Jail
651 I Street, Sacramento, CA 95814

In the case at hand the verbal and written policy of CDC & The Pro-Per Cordinater is a direct violation of this law. They cleary state as a defendant you must divulge all of your information to them first inorder to get approval, and that they are the judge on rather if they feel your request is valid. This method makes them the judge, prosecuter, overseam, investigator, expert and administrator, they take on each enity role and dictate who they will pay or not pay when this is suppose to be the public funds and they are only suppose to be the administrater, looking out for the defendants rights not violating them.

They do not have the legal right to do the things they are doing. They have quit the defendant case on four diffrent times refusing to pay for court order programs or authorization because they don't agree with them. This is unconstitutional they do not have the power to control a judicial matter. It does not matter what the charge is we cannot allow those in power to take away our freedom and liberty of our citizens by violation the law, the person guarantee constitational rights.

19

DAVID EARL GRAY, X2715303 - *IN PRO PER*
Sacramento County Jail
651 I Street, Sacramento, CA 95814

the defendant must have a meaningful
opportunity, at least as advantageous as that
possessed by the prosecution, to establish the
essential elements of his case.

"When conduct on the part of authorities is so
outrageous as to interfere with an accused's right of
due process of law, proceedings against the accuseds
right of due process of law, proceedings against the
accused are thereby rendered improper [citations omitted]
Dismissal is used by courts to discourage flagrant
and shocking misconduct by overzealous governmental
officials in subsequent cases." Boulas v Superior Court
(1986, 2nd Dist) 188 Cal App 3d 422, 429, 233 Cal Rpt, 487.

This is on point with the actions of CDC
and the pro-per cordinator, their own policy
clearly dictates this, there actions in court proceedings
have been flagrant and shocking, they have taken on
all roles in the courtroom, they have denied the
investigator to even do minimal task and than turn
around and do the task themselves and claim it has
been done, they have become the investigator, prosecutor
and judge. This is outrageous conduct on their part,
they have over step the boundries of administration

20

**DAVID EARL GRAY, X2715303 - *IN PRO PER***
Sacramento County Jail
651 I Street, Sacramento, CA 95814

and became the advocate of judicial proceedings rendering the defendants ability to put on an adequate defense.
( Please See Exhibits A & B )

The Court of Appeal has held that the right to counsel guaranteed by the Sixth Amendment to the United States Constitution " also includes the right to have any communications made to experts remain confidential." Torres v Municipal Court of Los Angeles Judicial Dist. (1925, 2nd Dist) 50 Cal App. 3d 778, 784, 123 Cal Rptr. 553.

This case clearly is on point and shows that the policy of CDC and Pro-Per coordinator is against well establish laws and the U.S.A and California Constitutions.
Their organizations should be appointing an expert at the court order and allowing the pro-per inmate and investigater go over what needs to be investigated. The investigater should be allotted a certain amount of hours depending on the case and be granted to perform his duties. They are

DAVID EARL GRAY, X2715383 - *IN PRO PER*
Sacramento County Jail
651 1 Street, Sacramento, CA 95814

Suppose to be professionals, they should know what
is do able and not do able. They should know what
laws they can not violate. These are people who have
been approved and verified by C.D.C. they shouldn't
need a baby sitter to go and ask what things our
worthy of being investigated or is it ok to go talk to
a witnesses, our go show someone the questions they our
going to ask a potential witness, this is all a violation
of defendant constitutional rights.

Investigators are professionals and are necessary
to obtain factual information necessary to the proper
preparation of a defense. To examine such evidence in
the case as is necessary; to prepare a confidential
report for the pro-per inmate, giving the results of said
examination; to consult with pro-per inmate regarding
the defense, to testify on behalf of the defendant
as an expert and not to divulge the nature of
the information collected or gathered to anyone without
the authorization of the defendant. No written policy
can be written to by-pass this constitutional Law.

This is why CDC and the pro-per coordinator policy
and actions is in violation of the laws of the land.

2)

1  **DAVID EARL GRAY, X2715303 - *IN PRO PER***
   Sacramento County Jail
2  651 I Street, Sacramento, CA 95814

3

4      The C.D.C and Pro-Per Cordinator

5   should only be administrating the proper funds

6   on behalf of the public and making sure the defendants

7   constitutional rights our not violated.

8

9   Example

10

11      The costs and expenses of such examination,

12   advice testimony, not to exceed $1,000, or work

13   in the amount of 40 hrs a week, and will be paid by

    the CDC of Sacramento, California, for the

    County of Sacramento, on certification of such costs and

    expenses by Sacramento Superior court.

       Now if any payment our work hours exceeds

    the amount destin by the court the defendant can

    request more hours and show the court or CDC the

    work the investigator did for the case.

       He should never have to divulge his defense

    to anyone until the time it is needed.

23

DAVID EARL GRAY, X2715303 - *IN PRO PER*
Sacramento County Jail
651 I Street, Sacramento, CA 95814

IV

# ABSENT A CONSTITUTIONAL AMENDMENT AUTHORIZING THE CDC CONTROL OVER JUDICIAL MATTERS OF THE GOVERNMENT THEY CANNOT DECIED ANY ISSUES CONCERNING JUDICIAL MATTERS

Absent a constitutional amendment authorizing the vesting of this exclusively judicial function elsewhere, the court cannot delegate this power to any adminstrative agency of its own creation.

Under California law, no state-wide agency can be vested with this exclusively legislative power, and any attempt to so construe this Judicial power would violate State + federal Constitutions.

Initrative statutes are subject to the same constitutional provisions as bills passed through legislative process. And those rights vested by statute, cannot be denied by the will of any Graveinmental agency. By adopting the CDC scheme and failing to submit

24

**DAVID EARL GRAY, X2715383 - *IN PRO PER***
Sacramento County Jail
651 I Street, Sacramento, CA 95814

the subject of it's policy to the voters, as
well as the subject of vesting legislative
power to determine Defendant's liberty interests
in "State Appointed Officials"; denies
defendant due process and equal protection of the
law. Liberty is a protected right that cannot
be taken without due process and equal protection of
the law. CDC + Pro Per Cordinator by granting
themseleves discretion to deny Defendant his vested
rights, They are violating the fundamental laws of
the State and Federal Constitutions.

As administratively appointed officials, CDC and
Pro Per Cordinator have abused their discretion, because
under State law, no Legislative agency (no public
agency) can be vested with the power to determine
a person's fundamental rights. CDC and Pro Per
Cordinator's actions violate both State and Federal
Constitutions. (See: e.g., Cal Const., Art. 1 §§ 26,
Art. III § 3; Art. IV §§ 9 + 16; and U.S Const. Art 1
§ 10(1) and the 1st, 5th, 6th, and 14th Amendments.

25

This case must be dismiss on the condition
that the defendants constitutional rights have
been violated to the point he will not receive
due process nor a fair trial.

Further more there have to be a separations
of power. The Judicial branch and Administrational
Branch of Government is diffrent and they our
authorize by law to do diffrent things. The C DC
and it's agency's has over stepped these boundaries.
They have become the judicial part of the
government by stepping into court and arguing
judicial matters when they are not authorize to
do so they have not been vested with this
power by the voters.

They are truly suppose to be adminstrational
part of this judicial system; here to help the
defendant in every legitimate way as possible.







# COUNTY OF SACRAMENTO
## Countywide Services Agency
## Conflict Criminal Defenders

**Fern M. Laethem**
**Executive Director**

**DATE:**      January 10, 2007

**TO:**        David Gray

**FROM:**      Donald L Manning

**SUBJECT:**   Ancillary Services
               People v Gray
               Case No: 05F09779

I am in receipt of your latest requests for ancillary services. I have reviewed each request and am denying or approving each as follows:

 1-As I stated in a previous memo, any witness, whether civilian or government employee, may decide to either give a statement to the defense or not. The only question is whether the prosecution or other governmental authority has influenced the witness not to talk to the defense. If this is shown then some type of sanction may be imposed. You have not provided any evidence to suggest that any governmental authority has asked any witness not to talk to the defense. Most law enforcement officials decline to be interviewed by defense investigators.

2-There is a new subpoena form adopted for mandatory use by the Judicial Council of California (see attached) for subpoenas. If the Main Jail law library does not have this new form, ask your investigator to supply you with it. All subpoenas issued after January 1, 2007, must be in this format. This form allows you to list your investigator as the person to call (item 4).

 3-You, as the pro per defendant, must decide what witness to call and what order to call them in. If the witness has been served, they must appear on the date they are ordered to appear unless you excuse that witness.

4-Your subpoenas will be served by your investigator for the trial as soon as you prepare the subpoenas on the new form as completely as you can. This includes addresses when you know the address. If the address is confidential, your investigator

---

will complete that part of the form. You must have a name of the person. An AKA without more information would not allow your investigator to identify and fine the person.

5-Mr Ore provided you with the meaning of the codes in CLETS. He is an officer of the court and also must provide you with discovery. The court asked him to find out what the codes mean, and he complied with that request.

6-If you provide your investigator with a letter from Mr Ricci Cooksey at DOJ stating that he has agreed to work on your case; I will approve his making contact. Until you have Mr Cooksey's agreement, this request is denied.

7-I am not your attorney. I am unable to advise you how to proceed with your case. You must decide your trial strategy, witnesses to call, questions to ask as well as all other tasks that an attorney would do to prepare for trial and conduct the trial. That is one of the pitfalls of representing yourself.

8-Your request for a psychiatrist is under submission. You keep mentioning Dr Edwards, but you don't explain whether he has agreed to assist you, what his testimony will be or whether you want him to evaluate you or just talk generally about something dealing with mental issues. Please provide that information and approval will be granted if relevant to your charges.

In These letters it clearly shows that the C.D.C pro-per Cordinator is violating the defendants constitutional rights to Attorney-Client Privileges, Attorney-Expert privileges, work-product, due Process and interfering with defendants ability to put on defense.

Not in one of these letters have they stated the laws our what or who gives them the authorization to do the things they are doing. They have become the Judge, Prosecutor and Expert, No-one vested this power to them by law they are not allowed to do This. This is proof enough that all of my constitutional rights our being violated. They even Mis quote the law on witnesses testimony!



# COUNTY OF SACRAMENTO
## Countywide Services Agency
## Conflict Criminal Defenders

**Fern M. Laethem**
**Executive Director**

**DATE:**     December 20, 2006

**TO:**     David Gray

**FROM:**     Donald L Manning

**SUBJECT:**     Ancillary Services
People v Gray
Case No: 05F09779

I am in receipt of your numerous duplicate requests for ancillary services. I have reviewed each request and am denying or approving each as follows:

1-Mr. Saucedo is authorized to contact and request interviews with all personnel who went to the crime scene or attended the autopsy. It will be up to each individual whether they will consent to an interview.    1a This is not the law

2-Mr. Saucedo is authorized as your liaison with Forensic Analytical and to assist them in preparing a report. FAS will not work directly with you. I will not authorize your meeting an FAS representative in an interview room or ask them to come to court because they will not meet with you directly. You must provide your request in writing if you have additional requirements for FAS. This then must go through this office for approval by you submitting a request stating the materiality of the work you want done.

3—Mr. Saucedo is authorized to request that each witness listed in the People's Proposed Witness List to request that they agree to be interviewed by Mr. Gray. It will be up to each individual whether they will consent to an interview. Neither private nor official witnesses are required by law to be interviewed by the defense investigator or pro per defendant. This has been addressed numerous times with you and I will no longer reply to further requests to have these witnesses subpoenaed to come to you in the jail to give a statement. Subpoenas are to compel witnesses to appear at court proceedings not to be interviewed.

3a What law is this?

UCDMC

4-Mr. Saucedo is authorized to contact ~~Assistant~~ to deliver the court order UCDMC and pick up your films and scans once the court order is prepared.

5-Mr. Saucedo may assist you in communicating with your volunteer legal assistants (your daughters) based on the Superior Court approval. He will review the material for contraband and will return anything the jail considers to be contraband to you or to your daughters if they are sending you non legal material.

6-The request that some other entity prepare subpoenas off of a list that you attach is denied. The request that the Superior Court contact witnesses to have them agree to be on telephone standby is denied. That is your responsibility through your investigator or you. The Superior Court will not be the repository for the proof of service on your subpoenas. That is your responsibility. If witnesses do not appear, you must ask that a bench warrant be issued and provide proof of service. Mr. Saucedo can serve your subpoenas and provide you with proof of service. You should not subpoena all your witnesses for one. The court suggested that you spread the subpoenas out.

7-The issue of whether subpoenas were issued in the past is moot. You waived your preliminary hearing. No other evidentiary hearings involving your witnesses have been held, according to court personnel. No subpoenas have been necessary. Witnesses did not fail to appear if there were no proceedings. This is the last time this issue will be addressed.

8-To my knowledge there is no DA jury book. You may address this in the trial court, as well as your other jury issues. These issues will not be addressed until the in limine hearing at trial.

9-Mr. Saucedo is not authorized to contact DOJ. Your request involves a bicycle not a gun or BB gun. The FCN, DOT etc; are internal SPD terminology for CLETS, with no relevance to your charges. This was addressed by Department 60 on December 15, 2006.

10-All subpoenas will be served in a timely manner prior to trial. This has been addressed before. You prepare the subpoenas for and after your trial starts not someone else preparing them. Subpoenas that you prepared for November must be corrected if you want to use them again.

11-The request for a video expert is under submission with the court.

*He is deny my investigator to contact witnesses on my behalf. He is not quoting any laws. He is becoming the Investigator. On 1-10-07 he refused to allow my investigator to do any of the things he granted. See transcripts on 1-10-07*

*Everything in this letter that has been copied by the underline have not of the order granted we have been waiting on the results.* [handwritten]

# COUNTY OF SACRAMENTO
## Countywide Services Agency
## Conflict Criminal Defenders

*This letter clearly shows he does not know the laws of the land. I have filed all the proper Motions and request. Mr. Manning has not shown any proof what so ever!* [handwritten]

**Fern M. Laethem**
**Executive Director**

**DATE:**      December 6, 2006

**TO:**        David Gray

**FROM:**      Donald Manning, Pro Per Coordinator

**SUBJECT:**   Ancillary Services
               People v Gray
               Case No: 059779

I am in receipt of your numerous requests for ancillary services. I have reviewed each request and am denying or approving each as follows:

 1-Mr. Saucedo is not authorized to pick up your medical records. You must prepare a subpoena duces tecum with a declaration for any medical records you are missing. The minute order states that you have received medical reports and x-ray films. The Court granted your request for a criminalist to interpret the SPD Clets response. Have your investigator contact him with the necessary document. He is not authorized to contact DOJ.

2-You are not authorized to have a legal assistant type reports, motions, jury instructions, etc. The use of your daughters for this purpose has not been approved. The Court expects a pro per defendant to prepare any documents by hand. Any jury instructions may also be submitted in pencil or by copying the applicable form from the Cal Crim Forms 2d. Your request for a legal assistant to assist you in preparing your case is denied.

3—Mr. Saucedo is not authorized to investigate the issue of any life insurance policies. The Court ordered that the Main Jail library assist you in this area. Your request is overly broad and is denied.

4-You are acting as the attorney in your case. In representing yourself, you are responsible for evaluating the physical evidence and deciding what tests and experts you wish to have assist you. You must provide sufficient information as to your purpose

---

**901 H STREET, SUITE 409 ● SACRAMENTO, CALIFORNIA 95814**
**(916) 874-6535 ● Fax: (916) 874-4933**

in requesting the expert and the relevance to your charges in order to have your request
granted.

5-Mr. Saucedo will no longer be authorized to act as the go between for you and your
daughters. He is an investigator, not a clerk or runner. He may provide his reports
orally or in writing. If you have an investigation request and it is relevant to your
charges, you must make a request for approval.

6-You are to follow the policy and procedures for in custody in pro per defendants.

7-You must decide if you want the VHS tape to go to Forensic Analytical for testing or
go to a video expert. The testing that Forensic Analytical does may destroy any ability
to reconstruct the tape. The work that a video expert does may prevent Forensic
Analytical from being able to do blood and fingerprint work on the tape. This request is
still under review by the Court.

8-There are many tests that can be conducted on physical evidence. It is the attorney
who must decide which tests, if any, that should be done and what type of expert is
needed. That is a part of the preparation and strategy that an attorney would make on a
case. Neither the Court, nor the pro per coordinator, nor your investigator, nor advisory
counsel will assist you in this burden. Advisory counsel advises the pro per defendant
on the laws applicable to his case, complex legal matters and court proceedings. He
does not sit in trial at the defense table and conduct any phase of the defendant's case,
i.e., question witnesses, file objections, argue motions to name a few of the pro per
defendant's responsibilities.

9-Forensic Analytical can review evidence for fingerprints. Mr. Saucedo is authorized to
act as liaison between the DA's Office and Forensic Analytical to facilitate the viewing of
the evidence for fingerprints. This group has asked for certain material in your
possession. You are required to collect the entire discovery that you want sent in
support of your evidence request, i.e. photo discs, lab reports from DA, etc. Your
investigator will make copies of this material, return your copies to you, and forward the
collected material with the evidence to Forensic Analytical Services. Once you receive
the reports of their finding and decide whether you are going to call them as witnesses,
you may interview them prior to putting them on the stand.

10-All subpoenas will be served in a timely manner prior to trial.

11-If you suspect victim has a rap sheet, you must ask for it in discovery. If there is
information on that document that is relevant to your defense, then the investigator may
investigate that issue. You must ask for this by sending the request to this office
detailing what it is you want and how it is relevant. You may contact this office through
your investigator and by mail deposited in the main jail law library.

12-Jury instructions and jury questionnaires are provided to the trial court. These may
be copied from texts or hand written. The court will decide whether the jury

questionnaires will be used. The Court will also decide what jury instructions will be used after reviewing defendant's submission, DA' submission and the Court's required instructions. You are not authorized to have a legal assistant type and review your jury instructions or questionnaire. You are not authorized co-counsel for the same review or for any purpose, i.e. to assist you in trial. When you went pro per you put yourself in the role of an attorney. The Court has given you advisory counsel to provide you with assistance. No other personnel have been authorized.

13- The investigator is not authorized to connect you to anyone via third party connection. You must follow the rules issued by the jail commander.

14-Your motions on jury notes, interviews, and addresses are motions after trial made to the trial court. Your motion for any DA jury book should be made the first day of trial to the trial court.

Donald L Manning
Pro Per Coordinator.

This letter truly shows the need to have my motion Granted. If someone with 21 years experiance feels that law enforcement and those who only collected evidence can pick a side or refuse to do interviews with both parties. shows a true need for the court to step in. This is a pro-per Cordinator No Atturney would put anyone on the stand without knowing their testimony ahead of time! How do we verify or impeach. Law enforcement has not co-operated with the D.A or Defense but yet we cant contact another law agency? Everything in this letter is against the Constitution - human laws and common sense This letter shows Governmental Misconduct to the MAX!

# EXHIBIT

# B

Two diffrent set of rules and Policy's that our not govern by well establish laws, They are written to inforce the violation of a defendants right to defend hisself.   The policy violates the sixth Amendment and the fifth along with the fourteenth Amendent of the U.S.A constitution.   It violates work-privilege doctrine, Attorney-Client, Attorney-Expert privileges.

It is written granting them power over judicial matters when they aren't allowed to do this by law. Administration can't control Judicial matters, they can't grant themselves this power The people have to vote this in, has to be voted by logistration, They make themselves the judge, prosecutor and investiagtor, experts and payee.

## Policy and Procedure for In-Custody In Pro Per Defendants
### &
## Investigators Assigned to In-Custody In Pro Per Defendant Cases

### A. Introduction

One of the responsibilities of Conflict Criminal Defenders (CCD), by court order, is to provide defendants who are "In pro-per" with qualified CCD approved criminal defense investigators. The investigators responsibility is to assist a pro-per defendant in the investigation of his/her criminal case.

The pro per coordinator will assign the investigator from Conflict Criminal Defenders list of qualified panel investigators. Investigator assignments are made using the following criteria:

- Court order.
- Investigative needs of the pro-per defendant.
- Case specific investigator qualifications;

### B. Purpose of Policy and Procedures

The purpose of these policies and procedures is:

- To provide written guidelines to investigators and pro-per defendants on the use of investigators in court appointed cases.

- To provide the court appointed investigators with written policy and procedures when dealing with defendants who choose to represent themselves.

### C. Investigator Guidelines

1. Investigators shall:

- Provide the same level of investigative services to a pro-per defendant as would be provided to an attorney.

- Provide only investigative tasks pre-approved by the pro per coordinator or the Court.

- Follow jail rules and procedures when dealing with in pro-per defendants.

- Read, understand, and follow, Penal Code Section 1054.2, pertaining to disclosure of victims or witness addresses or phone numbers.

- Have the pro per coordinator review for <u>procedural</u> correctness pleadings and subpoenas prepared by the in pro-per defendant, prior to service by the investigator.

### 2. Investigators shall not:

- Provide legal advice to an in pro-per defendant.

- Provide any items that violate jail policy, procedure, or guidelines.

- Prepare or provide any legal document not approved by the Court or pro per coordinator;

- Provide any service other then investigative tasks approved by the Court or pro per coordinator;

- Provide any contraband as defined in the "Inmate Handbook".

- Provide any advice or opinion to a pro-per defendant that could be construed as directing the investigation;

Any violation or allegation of a violation of these rules will be fully investigated and appropriate action taken, up to and including removal from Conflict Criminal Defenders list of approved investigators, which can result in the loss of investigative privileges.

### D. In Pro per Defendant Guidelines

#### 1. In Pro-per defendants shall:

- Obtain a Court appointed investigator when the court appoints and notifies Conflict Criminal Defenders of the appointment.

- Read and agree to follow the polices and procedures herein.

- Provide to pro per coordinator a written request of investigative needs and tasks to be completed by the investigator. There are no automatic authorizations of investigative funds for in-pro-per defendants.

- Direct the investigation pertaining to the pending charges for which the investigator was appointed.

- Obtain all legal materials and legal books through the jail law library.

2. In Pro-per defendant shall not:

- Request the investigator to perform any task that is not pre-approved by the Court or the pro per coordinator.

- Request the investigator provide contraband materials or non-investigative items. Some examples of non-investigative requests are:

   1. To communicate messages to outside persons not pertaining to approved investigative tasks.
   2. To deliver mail or written communication not pertaining to approved investigative tasks.
   3. To obtain food, stamps, pens, pencils, file folders, legal materials, books or any other items that are considered to be contraband as set forth in the "Mail Jail Inmate Handbook" provide to the inmate by the jail.
   4. To do anything that violates jail security procedures.

Any violation or allegation of a violation of these rules by in pro-per defendants will be fully investigated and appropriate action taken including reporting the violation to the Court.

GRAY, DAVID EARL 11/15/06 received
XREF 2715303
6w - 3 - 01

### SACRAMENTO SUPERIOR COURT
### OCTOBER 2006
### POLICIES AND PROCEDURES FOR PRO PERS

To minimize delay and unnecessary appearances, the court should approve appointment of an investigator simultaneously with granting a defendant's motion to proceed in propria persona (hereafter referred to as pro per).

1. The courtroom clerk shall provide the defendant with (1) a copy of the Faretta form, (2) a copy of the standing order ORDER: COUNTY JAIL INMATE PRO PER STATUS AND PRIVILEGES amended August 2006 and (3) a copy of CCD's Pro Per Investigator Policy.

2. The courtroom clerk shall notify CCD of the appointment of the investigator by contacting Donna Master in the CCD office by email at MasterD@saccounty.net , telephone 874-7670, or by faxing a copy of the minute order and/or ORDER: COUNTY JAIL INMATE PRO PER STATUS AND PRIVILEGES standing order to 874-4950.

3. The courtroom clerk shall provide a copy of the ORDER: COUNTY JAIL INMATE PRO PER STATUS AND PRIVILEGES to the jail law librarian who coordinates pro per privileges for inmates by placing the jail copy in the in-box located at the front counter of the main jail.

4. Once the court orders appointment of an investigator, the court's Pro Per Coordinator shall assign an investigator to assist the in-custody defendant.

5. The investigator assigned by the Pro Per Coordinator will meet with the in-custody defendant within 48 hours of the assignment. The investigator will also provide the defendant with a copy of the CCD Pro Per Investigator Policy and require that the defendant sign an acknowledgement to abide by those policies and procedures related to the investigative process and pro per privileges.

6. The assigned investigator will visit the in-custody defendant when necessary and if possible twice per week to maintain contact and act as a liaison between the defendant, the Pro Per coordinator and the court.

7. All Requests for ancillary services and motions for reconsideration of previously denied requests must be made in writing with sufficient detail to justify the need for the service. The investigator will receive the written requests from the defendant and deliver them to the Pro Per Coordinator. The Pro Per Coordinator will review each item, prepare a written response addressing each requested item and advising the defendant whether the item is approved, denied, modified, or that additional information is

1

needed. The response shall include an advisement that the defendant may request a court review and modification of the Pro Per Coordinator's determination.

A judicial officer may order that all or any requests for investigative or ancillary services be forwarded by the Pro Per Coordinator directly to the judicial officer for determination. When there is such an order, the Pro Per Coordinator shall also forward to the court a proposed determination prior to coordinating any investigative/ancillary services. The judicial officer's request for direct review of requests shall be entered into the minute order and will be transmitted by the courtroom clerk to the Pro Per Coordinator via the procedures outlined in Step 2 and to the defendant via the Law Librarian as outlined in Step 3 above.

8. The Pro Per Coordinator shall coordinate the approved investigative/ancillary services which may generally include (but are not limited to) the following:

   - Interview of witnesses
   - Subpoenas and or SDT
   - Photographs or Diagrams
   - Discovery
   - Experts
   - Documents

9. In the event the defendant appeals or seeks reconsideration of previously denied requests, the court should defer ruling on the motion or appeal until the Pro Per Coordinator can respond in writing or appear.

   The courtroom clerk shall notify the Pro Per Coordinator of the date of the hearing and provide a copy of any written motion as outlined in Step 2 above.

10. The Pro Per Coordinator will review the defendant's request for reconsideration and provide the court with its rationale for denial. The Pro Per Coordinator's response shall be in writing and made part of the court's file as outlined in Step 12 below.

11. The court shall rule on the appeal or motion taking into consideration all documents and writings provided by the Pro Per Coordinator. The court should advise the defendant of its decision by minute order, delivered via the investigator, and avoid requiring a personal appearance of the Pro Per Coordinator.

2

12. Any motions by the defendant and writings submitted by the Pro Per Coordinator or court appointed investigator that are made part of the court file shall be placed into a confidential envelope and sealed.

13. If the court grants a request for previously denied investigative/ancillary services, the court's order will be provided to the Pro Per Coordinator by the courtroom clerk in the manner outlined in Step 2 above.

**Note:** These procedures apply primarily in the felony home courts. If a misdemeanor in-custody defendant requests to proceed in pro per these procedures would be applicable. If the pro per misdemeanor defendant is out of custody these procedures would apply at or after pretrial. If the felony pro per defendant is out of custody, these procedures apply immediately, however there is no need for an order to the jail for pro per privileges.

### ADDRESSING OTHER REQUESTS FROM PRO PER DEFENDANTS

#### Transcripts

The court has no policy regarding free transcripts for hearings in the home court; however, the cost of a transcript should be weighed against the need for the transcript. If the court does not recognize a need for the transcript, or if the court would deny an attorney representing an indigent client a free copy of the transcript, the court should not grant the pro per a free copy. Often a copy of the minute order reflecting the court's ruling will suffice for the defendant's needs. The Pro Per Coordinator is available if the court would like assistance in this area.

#### Telephone Calls for In-Custody Pro Per Defendants

The court appointed investigator will see the in-custody pro per defendant as needed and if possible twice a week and is responsible for taking witness statements and coordinating defendant's visits of witnesses or experts at the jail. Hence, it is not usually necessary to order additional telephone calls for the defendant.

The pro per defendant is currently allowed one fifteen minute, collect call per day. Making telephone calls on behalf of the defendant related to his/her defense is a primary function of the court appointed investigator. The court should not order additional telephone privileges without compelling reasons. The Pro Per Coordinator is a good resource for determining whether the defendant has used existing telephone privileges or whether the investigator is able to meet the needs of the defendant.

**Legal Research Materials and Law Library Privileges**

Additional research privileges in the jail law library should not be granted without compelling reasons. In the standing order, COUNTY JAIL INMATE PRO PER STATUS AND PRIVILEGES defendants are allowed two hours per week to browse the Law Library and may receive and review in his/her cell copies of five cases and five code sections per week. The Sheriff maintains logs of access provided to the library as well as the number of materials requested and delivered to each defendant's cell.

It is recommended that before granting additional research or library privileges, the court review the Sheriff logs (or refer the matter to the Pro Per Coordinator to review the logs) to see if the defendant has utilized existing privileges, or to determine if there are other resources available to the defendant. Reviewing the Sheriff logs is especially recommended if a defendant claims he/she was not allowed sufficient access or has not been provided copies of cases and codes.

**Motions for Investigative/Ancillary Services Raised in the Preliminary Hearing Court or other Evidentiary Hearing except Trial**

Pro per defendants often raise new or re-address previously denied motions for ancillary services or additional investigative needs when they appear in a new court for preliminary hearing or other evidentiary hearing. If the court determines that the new request necessitates continuance of the hearing, it is recommended that the court file the motion (if written) and defer ruling on the motion to the appropriate Home Court judge who is familiar with the defendant's investigative needs and previously raised motions.

During Trial does the defendant follow these same proceedings:

May we see the law that govern this type of Frame work. Is this backed by the Constitution "U.S.A.", "California Const." Sixth Amend. - "Criminal proceedings" any case laws?

Due to the fact it appears as the Cordinator is more like a lesson or Supervisor of pro per. Is he allowed to cretic my motions and give suggestions just like any othe person or lawer who has a supervisor - some one they report to?

EXHIBIT

A A

Motion filed on 1-25-07

The Legal Adviser wrote in on his own notes
that he was ordered not to write down or give
me any advise by the court.

This is a substitutinal of Adviser Motion
and all EXHIBITS Filed with this Motion

DAVID EARL GRAY, 2714303 - In Pro Per
Sacramento County Jail
651 I Street
Sacramento, CA 95814

Attorney for the Defendant:   DAVID EARL GRAY

JAN 2 5 2007

D. Burris
Deputy Clerk

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SACRAMENTO

PEOPLE OF THE STATE OF CALIFORNIA )   CASE NO. 06F09779
                                    )
                 Plaintiff(s),      )   NOTICE OF MOTION
                                    )   AND MOTION FOR
vs                                  )   SUBSTITUTION OF
                                    )   LEGAL ADVISOR And
DAVID EARL GRAY;                    )   ALTERNATIVE
                                    )
                 Defendant.         )

TO THE SACRAMENTO COUNTY SUPERIOR
COURT, CONFLICT CRIMINAL DEFENDERS of
SACRAMENTO COUNTY AND RODRIGO MAYORGA
ATTORNEY AT LAW

     Please be advised on the 1-29-07 at
130pm, or as soon thereafter as the matter maybe
heard in the courtroom of Department 60 of the
above-entitled court, the defendant will move for an
order for substition of his Legal Advisor a
Mr. Rodrigo Mayorga due to inadequate Legal
Advice and Conflict of interest

     This motion is based upon this Notice of
Motion, the attached declaration(s), all memoranda

1

**DAVID EARL GRAY, X2715383 - *IN PRO PER***
Sacramento County Jail
651 I Street, Sacramento, CA 95814

of points and authorities served and filed herewith,
on such supplemental declarations and memoranda
of points and authorities as may hereafter be filed
with the court, on all the papers, motions and
records on file in this action, testimony and other
evidence produced at evidentiary hearing(s) and/or
proceedings and such oral and documentary evidence
as may be presented at the hearing of the motion.

DATED  1-24-07 .

Attorney for Defendant

2

AUTHORITIES

SIXTH AMENDMENT of The U.S.A
Constitution

People v Marsden (1970) 7 3d 118,465 P.2d 44

Corenevsky v Superior Court (1984) 36 Cal 3d
307, 319, 204 Cal Rptr 165, 682 P2d 360

Bribiesca v. Galaza, 215 F3d 1015 (9th cir 2000)

Lockhart v Terhune; 250 F3d 1223 (9th cir 2001)

Atley v Ault, 191 F3d 865 (8th Cir 1999).

3

# COMMENTARY

This motion is designed for when the Court appointed Legal Advisor has failed and/or refused to do his duties as a Legal Advisor and a pro-per inmates needs to substitute him or that the Legal Advisor failed or refused to declare a conflict of interest.

There is no set statue for a substitution of a Legal Advisor, but it would fall under the scope of counsel for the defense in which a Marsden Motion would be the appropriate motion to file.

Request for substitution of (Legal Advisor) based upon complaint that (Legal Advisor) is not providing adequate representation triggers courts duty to inquire further into the basis for dissatisfaction.

*leg advisor not legal rep*

People v Marsden (1970) 2 3d 118, 465 P. 2d 44

The constitutional right to counsel includes court-ordered defense services such as investigators, law clerks, or other experts needed to properly prepare a defense.

Corenevsky v Superior Court (1984) 36 Cal 3d 307, 319, 204 Cal Rptr 165, 682 P 2d 360

4

1    An incarcerated criminal defendant who chooses
2    to represent himself has a constitutional right to access
3    to law books or other tools to assist him in
4    preparing a defense.
5         Bribiesca v Galaza, 215 F 3d 1015 (9th Cir 2000)
6         Pro-Per defendants Sixth Amendment right
7    to (Legal Advice) includes the right to be
8    represented by an (Legal Advisor) with undivided
9    loyality
10        Lockhart v Terhune, 250 F 3d 1223 (9th Cir 2001)
11   Failure to conduct an adequate inquiry into
12   defense counsel's potential conflict of interest
13   constitutes a violation of the Sixth Amendment
14   right to counsel that requires reversal
15        Atley v Ault, 191 F 3d 865 (8th Cir 1999).
16
17
18
19
20
21
22
23
24
25
26
27
28

5

DAVID EARL GRAY
Sacramento County Jail
651 I Street
Sacramento, CA 95814

Attorney for the Defendant:  DAVID EARL GRAY

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SACRAMENTO

| PEOPLE OF THE STATE OF CALIFORNIA | ) | CASE NO. 05F09779 |
|---|---|---|
| | ) | Declaration In |
| Plaintiff(s), | ) | Support of Motion |
| vs | ) | For Substitution of |
| DAVID EARL GRAY; | ) | Legal Advisor AND |
| Defendant. | ) | ALTERNATIVE |

I, David Gray, declare the following:

I am the attorney for the defendant in the above-entitled case.

That I am the declarant in the above-entitled case and I am a lay person untrained in the law.

That due to conflicts which exist between declarant and Legal Advisor, declarant can not and will not receive adequate Legal Advice by Legal Advisor of record in within cause of action

That at the hearing on this motion declarant will provide the necessary evidence to support the

6

DAVID EARL GRAY, X2715303 - *IN PRO PER*
Sacramento County Jail
651 I Street, Sacramento, CA 95814

Claim here in alleged.

That the Legal Advisor has failed and/or refused
to confer with declarant concerning Legal questions
ask of him

*Has done so many times*

That the Legal Advisor has failed and/or refused
to maintain communication with the declarant.

That the Legal Advisor has failed and/or refused
to acknowledge (in writing) what documents, request
and or motion that defendant has given to him to be
reviewed and get Legal Advise on

*as per court order*

That the Legal Advisor has failed and/or
refused to perform and/or give any Legal Advice
in writing that is critical and necessary to the
defense

*see above*

That the Legal Advisor has failed and/or refused
to prepare and file motions critical to the defense;
in-regards to intercept communication, that was given
to him by the court in a -seal envelope

*Not required to do so*

7

**DAVID EARL GRAY, X2715363 - *IN PRO PER***
Sacramento County Jail
651 I Street, Sacramento, CA 95814

Legal Advisor has failed and/or refused to present
evidence at motion/writ hearings stating what Legal
Advice he has given to defendant                                    ?

Legal Advisor has failed and/or refused to               7 not
inform declarant what his duties our as a                    so
Legal Advisor

Legal Advisor has failed and/or refused to            ?
declare prejudice and/or conflict against declarant

Legal Advisor is an attorney representing other        entire
clients and have express that he is to busy to
be an Legal Advisor

Legal Advisor is under the umberella of Conflict
Criminal Defenders who have stated they are
no longer working with pro-per inmates.

Legal Advisor has failed and/or refused to write    per
any Legal Reports on any issues concerning his      ct order
duties or Legal Advice to the declarant

8