IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID EARL GRAY,

      Plaintiff,                     No. CIV S-07-0337 GEB GGH P

  vs.

ALBERT NAJERA, et al.,

      Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments shall be collected and

1

1  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
2  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).
3          The court is required to screen complaints brought by prisoners seeking relief
4  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
5  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
6  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
7  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
8  U.S.C. § 1915A(b)(1),(2).
9          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
11 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
12 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
13 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
14 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15 Cir. 1989); Franklin, 745 F.2d at 1227.
16         A complaint, or portion thereof, should only be dismissed for failure to state a
17 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
18 of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &
19 Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also
20 Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing
21 a complaint under this standard, the court must accept as true the allegations of the complaint in
22 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
23 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
24 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
25         Plaintiff is a pretrial detainee in the Sacramento County Jail.  Plaintiff is
26 representing himself in the criminal proceedings.  Plaintiff generally alleges that he has been

denied the ability to effectively defend himself.  Plaintiff seeks money damages and injunctive relief in connection with these claims.

In <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364 (1994), an Indiana state prisoner brought a civil rights action under § 1983 for damages.  Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure").  Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody.  The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has <u>not</u> been so invalidated is not cognizable under 1983.

<u>Heck</u>, 512 U.S. at 486, 114 S. Ct. at 2372.  The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed.  <u>Id.</u>

Plaintiff's claims for money damages on grounds that he has been denied the ability to effectively defend himself are barred by <u>Heck v. Humphrey</u>.  See <u>Harvey v. Waldron</u>, 210 F.3d 1008, 1014 (9th Cir. 2000)(<u>Heck</u> applies to pending criminal charges; a claim, that if successful would necessarily imply the invalidity of a conviction in a pending criminal prosecution, does not accrue so long as the potential for a conviction in the pending criminal prosecution continues to exist).

/////

1    Plaintiff also seeks injunctive relief in the form of an order directing that the
2 criminal charges against him be dismissed.  When a plaintiff seeks relief in federal court that
3 would interfere with an ongoing state judicial proceeding, the federal action must be dismissed
4 pursuant to Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746 (1971) if the state proceeding: 1) is
5 ongoing; 2) implicates important state interests; and 3) provides that plaintiff has an adequate
6 opportunity to litigate the federal claims.  Columbia Basin Apartment Ass'n v. City of Pasco, 268
7 F.3d 791, 799 (9th Cir. 2001).  The court finds that plaintiff's claims meet these requirements.
8 Accordingly, these claims should be dismissed.

9    The complaint contains a claim that does not concern the ongoing criminal
10 proceedings.  Plaintiff alleges that he was attacked on three separate occasions and that police
11 officers failed to protect him.  Plaintiff does not identify any of the individual officers who failed
12 to protect him.  Nor does plaintiff describe these incidents in any detail.

13    The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
(1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
omits to perform an act which he is legally required to do that causes the deprivation of which
complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the
actions of their employees under a theory of respondeat superior and, therefore, when a named
defendant holds a supervisorial position, the causal link between him and the claimed

4

constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Because plaintiff has failed to identify any of the officers who failed to protect him, the court finds that he has failed to state a colorable claim. In addition, as indicated above, plaintiff must describe the incidents and the conduct of the officers on which he bases his claim in order for the court to determine whether he has stated a colorable Eighth Amendment claim.

Also named as defendants are the Sacramento Police Department and the Sacramento Sheriff's Department. Plaintiff may be claiming that one of these two municipal entities is responsible for the attacks. To state a colorable claim for municipal liability, plaintiff must allege that the Sheriff's Department or the Police Department had a deliberate policy, custom or practice that was the "moving force" behind the constitutional violation he suffered. Monell v. Department of Social Services, 436 U.S. 658, 694-95, 98 S.Ct. 2018 (1978). Plaintiff does not allege that the attacks occurred as a result of a policy, custom or practice of the Police Department of Sheriff's Department.

The complaint is dismissed with leave to amend. If plaintiff files an amended complaint, he should not include his claims challenging the validity of his ongoing criminal proceedings. Plaintiff may amend his claims challenging the conditions of his confinement, i.e. the failure of defendants to protect him from harm by other inmates.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original

pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Sacramento County Sheriff's Department filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: 3/14/07

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

gray337.b